(19 App. Div. 295.)

## DELANOY v. DELANOY.

(Supreme Court, Appellate Division, First Department. June 18, 1897.)

DIVORCE—FAILURE TO PAY ALIMONY—CONTEMPT.

A defendant cannot be punished for contempt in failing to pay alimony awarded against him by a judgment for divorce unless it is shown that a demand has been made upon him for the payment of the alimony in arrear, and the absence of such demand is not excused by proof that the defendant has been absent from the state, at least where it appears that the papers in the proceedings for contempt have been served upon him, within the state, without the making of such demand.

Appeal from special term.

Suit by Bertha B. Delanoy against William A. Delanoy for divorce. From an order judging defendant in contempt, he appeals. Reversed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Thomas McAdam, for appellant.

M. H. Grossman, for respondent.

PATTERSON, J. It was properly held by the court below that the defendant could not excuse his failure to comply with the terms of the judgment requiring the payment of alimony by setting up in answer to the motion to punish him for contempt his present poverty or inability to pay. Ryckman v. Ryckman, 34 Hun, 238. But the papers presented to the court by the plaintiff on this motion to punish the defendant for his contempt were radically defective, in that it was not shown that a demand was made on the defendant for the payment of the alimony in arrear before this proceeding was instituted. The motion was made under section 1373 of the Code of Civil Procedure, which relates to the enforcement of a judgment for alimony by punishment for contempt. The authority to punish is conferred by that section, but the procedure is under sections 2266 and 2268 of the Code of Civil Procedure. In Ryckman v. Ryckman, 32 Hun, 193, it was held by the general term in this department, on an appeal from an order denying a motion to punish a defendant for the nonpayment of alimony recovered against him in an action for a limited divorce, that "to subject him to such punishment under the authority of the provisions of the present Code, or by the practice preceding it, a certified copy of the judgment has been required to be served upon him, and a demand for the money made upon him." That ruling was made, not upon an ex parte application, but upon a motion to enforce the requirement of a judgment, and the provisions of section 2268 of the Code of Civil Procedure were by that decision made expressly applicable to such a motion as this. The requirement that a demand should be made is in accordance with many decisions upon applications to commit persons for contempt for disobedience of orders, judgments, and decrees requiring the payment of money. Park v. Park, 80 N. Y. 156; McComb v. Weaver, 11 Hun, 271; Matter of Ockershausen, 59 Hun, 200, 13 N. Y. Supp. 396; Gray v. Cook, 24 How. Prac. 432. There was nothing shown to the court below indicating in any manner that a demand was made, or attempted to be made, upon the defendant; but there are averments in the affidavit of the plaintiff that the defendant was continuously absent from the state, and they were apparently relied upon to relieve the moving party from the necessity of making a demand. Assuming that there are cases in which the making of a demand would be dispensed with, it is evident that this is not one of them. The defendant was within the state, and was served in the city of New York just before this motion was made, with a copy of the judgment; and it is apparent that a demand could have been made on him at that time, so that the excuse, if it could be entertained at all, is altogether unavailable to this plaintiff. The remedy invoked here is a harsh one, and its enforcement would deprive the defendant of his liberty. The circumstances disclosed of the plaintiff's relations subsequent to her divorce are not such as to commend her to

the special consideration of the court. She would undoubtedly be entitled to her strict remedy if her proceeding were regular, and the court could not deprive her of it; but in such a rigorous proceeding she should be held to a full compliance with the technical requirements of the law, to entitle her to what she asks.

The order appealed from should be reversed, but, as it seems probable that the attention of the court below was not called to the question of a demand, the reversal should be without costs. All concur.