BRADBURY v. BLISS et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

CONTEMPT—ORDER·TO SHOW CAUSE—WHEN AUTHORIZED.

An order appointing a receiver in supplementary proceedings, having failed to direct that the judgment debtor should deliver to the receiver the property in his possession, a justice of the supreme court made an order requiring him to turn over forthwith to the receiver certain personal property described, and that, in default thereof he should show cause why he should not be adjudged guilty of contempt. *Held*, that the order to show cause was premature and unauthorized, under Code Civ. Proc. § 2269, providing that, before such an order can be issued, the judge must be satisfied by affidavit of the commission of the offense.

Appeal from special term.

Action by Henry R. Bradbury against Charles H. Bliss, in which there was a judgment for plaintiff. In supplementary proceedings the court appointed Daniel J. Early receiver, who procured an order requiring defendant to show cause why he should not be adjudged guilty of contempt, and punished accordingly. From an order adjudging defendant in contempt, and imposing a fine, etc., he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

T. B. Wakeman, for appellant.
Michael J. Joyce, for respondent.

RUMSEY, J. Judgment was recovered against the defendant in this action, upon which an execution was issued, and, when that execution had been returned unsatisfied, proceedings supplementary to it were begun. Those proceedings went so far that a receiver was appointed, who seems to have qualified, but the order appointing the receiver did not contain any direction that the judgment debtor should deliver to the receiver the property in his possession. In that condition of affairs, the receiver, on the 24th day of September, 1897, procured from a justice of this court an order requiring the judgment debtor to turn over forthwith to the receiver certain personal property, more particularly described in the order. There was contained in the order a direction that, in default thereof, the judgment debtor should show cause at the time and place stated in the order why he should not be adjudged guilty of contempt of court, and punished accordingly. On the return day of the order to show cause the defendant appeared, and opposed it, but it resulted in the order appealed from adjudging the defendant in contempt, and imposing a fine of $300, and a commitment to the county jail until the same was paid. From that order this appeal is taken. In any case, before a person can be punished for a contempt in disobeying an order, he must have had notice of it, and an opportunity to become acquainted with its provisions, and a demand must have been made upon him to do the thing which the order required of him. McComb v. Weaver, 11 Hun, 271; Code Civ. Proc. § 2268. The proceedings to punish for contempt must be taken as prescribed in the statute. They are stricti juris. McComb v. Weaver, supra. The statute requires that there should be served upon the accused, before he shall be punished for contempt, either an order to show cause why such punishment should not be inflicted, or there should be issued a warrant of attachment to bring him before the court. Code Civ. Proc. § 2269. But, whichever mode of procedure is adopted, it is necessary that certain facts shall be made to appear to the court. These facts are specified in section 2269 of the statute, and one of them is that the judge must be satisfied by affidavit of the commission of the offense. Until that has been done, no order to show cause can be issued. But the offense cannot be committed until the order directing the act to be done has been brought to the attention of the defendant, and the demand has

48 N.Y.S.—58

been made upon him that it shall be done, and he is. not guilty of a contempt of court until after that demand has been. refused or neglected. No such proof was made before the judge when this order to show cause was granted, and it could not be made, because at that time no demand had been made for the performance of the order to deliver the property, and the defendant had not then refused to deliver it. The case then had not arisen in which the judge was authorized to make an order to show cause, and that order was irregular, and for that reason this motion should have been denied.

The order to show cause why a party should not be punished for contempt can never be made until the contempt has been committed. The order to show cause here was, therefore, premature, and the order adjudging the defendant in contempt should be reversed, with $10 costs and disbursements, and the motion should be denied, with $10 costs. All concur.

---

(23 App. Div. 141.)

### JONES v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 28, 1897.)

ELEMENT OF DAMAGE—FRIGHT.

Appeal from trial term.