(22 Misc. Rep. 704.)

## In re BLUMENTHAL.

(Supreme Court, Appellate Term. February 28, 1898.)

1. APPEAL—REVIEW—QUESTIONS OF FACT.

The appellate term cannot, upon appeals from the city court, consider the weight of evidence, but is confined to a consideration of the questions of law.

2. CONTEMPT—REVIEW.

The adjudication of the city court, in which an alleged contempt occurred, is conclusive, upon an appeal to the appellate term, that the party committed the act whereof he was convicted, and of its character, when that might, according to the circumstances, be meritorious or criminal, although it cannot establish as a contempt that which the law entitled a party to do.

3. SAME—WHAT CONSTITUTES.

A judgment debtor was ordered by the special term of the city court to hand over a certain ring to the receiver of his property, and upon a subsequent order to show cause why he should not be punished for contempt it was duly decided that a ring which he had delivered in pretended compliance with the order was not the ring in question, but one of little or no value, that he had thereby practiced a deceit on the court, and that the rights and remedies of the receiver had been materially injured, prejudiced, and impaired; and the court decreed the defendant guilty of contempt, and ordered him either to deliver the ring, or $50, the value thereof as found, with motion costs, or, in default, to be committed to prison. *Held*, that defendant's conduct constituted a disobedience to the lawful mandate of the court (Code Civ. Proc. § 3343, subd. 2), and that consequently he was guilty of contempt, under section 14, subd. 3.

4. SAME—PUNISHMENT.

*Held*, further, that the fine imposed was within the power of the court. Sections 2284, 2285.

5. SAME—COSTS.

*Held*, further, that as the contempt was one punishable civilly, under section 14, and not a criminal contempt, under section 8, motion costs might properly be imposed.

6. SAME—VALIDITY OF ORDER.

*Held*, further, that as defendant had been duly adjudged guilty of the contempt charged in an appropriate proceeding for the purpose, and the penalty imposed, the fact that the court gave him an opportunity to comply with the terms of the order before a commitment should issue did not affect the validity of the order.

Appeal from city court of New York, general term.

In the matter of the application of Maurice B. Blumenthal, as receiver, to punish Simon Buttner as for contempt. From the judgment of conviction (48 N. Y. Supp. 1101), Buttner appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Howard A. Sperry, for appellant.
Maurice B. Blumenthal, in pro. per.

GILDERSLEEVE, J. The judgment debtor, Simon Buttner, was ordered by the special term of the city court to hand over a certain ring to Maurice B. Blumenthal, as receiver of the property of said Buttner. Said Buttner did hand over a ring to the receiver, but the latter claimed that it was not the ring in question. Accordingly he obtained an order to show cause why Buttner should not be punished for contempt. The motion was duly argued, and affidavits were submitted by both sides. The court decided, from the evidence thus submitted on the motion, that Buttner had not delivered to the receiver the ring which the court had ordered to be delivered to him, but had practiced a deceit on the court by delivering to said receiver another ring, of little or no value, instead of the ring in question. The court also found, as a matter of fact, that by reason thereof the rights and the remedies of said Blumenthal as such receiver had been materially injured, prejudiced, and impaired. The court, therefore, decreed said Buttner guilty of contempt, and ordered him either to deliver the ring in question to the receiver within a fixed time, together with $10 costs of motion, or to pay within said time to the receiver $50, found from the evidence to be the value of the ring, together with $10 costs of motion; and, in case of failure to comply with these requirements, the court ordered the commitment of said Buttner to prison until the said requirements had been fulfilled. From this order Buttner appealed to the general term of the city court, where the order was affirmed, and thence to the appellate term of the supreme court.

The appellate term cannot, upon appeals from the city court, consider the weight of evidence, but is confined to a consideration of the questions of law. Bogan v. Wright, 22 Misc. Rep. 94, 48 N. Y. Supp. 546. The adjudication of the court in which the alleged contempt occurred is conclusive that the party committed the act whereof he was convicted, and of its character, when that might, according to the circumstances, be meritorious or criminal, although it cannot establish as a contempt that which the law entitled a party to do. People v. Hackley, 24 N. Y. 75.

As the appellate term must accept as an established fact that Buttner did not hand over the ring in question to the receiver, but gave him, instead thereof, another ring of little or no value, the only question to be determined is this, viz. did this neglect or refusal to obey the order of the court constitute contempt? The court had jurisdiction to make the order requiring Buttner to hand over the ring in question to the receiver, and, on Buttner's refusal to obey the order, contempt proceedings could properly be instituted, as done in the case at bar. McKelsey v. Lewis, 3 Abb. N. C. 64; Code, §§ 2269, 2281, 2283. The conduct of Buttner, as found by the court below, clearly constituted a disobedience to the lawful mandate of the court (Code Civ. Proc. § 3343, subd. 2), and consequently Buttner was guilty of contempt, under section 14, subd. 3, of the Code; for his acts, as alleged in the affidavits submitted by the receiver on the motion, and as found by the special term, materially injured, prejudiced, and impaired the rights and remedies of said Blumenthal, as such receiver. See Sandford v. Sandford, 40 Hun, 540; Code, § 14.

The fine imposed in the case at bar was within the power of the court.   Code, §§ 2284, 2285;  Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287.   This is a contempt punishable civilly, under section 14 of the Code, and not a criminal contempt, under section 8 of the Code. Therefore, the case of Stubbs v. Ripley, 39 Hun, 626, holding that costs of motion cannot be imposed in a criminal contempt, does not apply.   Nor does the case of Bradbury v. Bliss (Sup.) 48 N. Y. Supp. 912, apply to the case at bar.   The defendant has been duly adjudged guilty of the contempt charged, in an appropriate proceeding for the purpose, and the penalty has been imposed.   The fact that the court has given him an opportunity to comply with the terms of the order before a commitment shall issue does not affect the validity of the order, or bring it within the case last above cited, the facts of which are entirely different from those in the present case.

For the reasons above stated, the order appealed from must be affirmed, with $10 costs and disbursements.   All concur.