### FLOR v. FLOR.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. CONTEMPT—DIVORCE—FAILURE TO PAY ALIMONY—SERVICE OF ORDER AND DEMAND OF PAYMENT.

    Code Civ. Proc. § 2268, provides that, where a contempt of court consists of a failure to obey an order for the payment of costs or of any specified sum, and the court is satisfied that a personal demand has been made, and payment refused or neglected, the court may commit the offender to prison until the costs, etc., are paid. In a pending divorce suit defendant was ordered to pay alimony and counsel fees, and

a copy of the order was served on him, but no demand for payment: made. On appeal the order was modified and affirmed, but the modified order was not served on defendant, and no demand for payment made thereunder. *Held,* that an order adjudging defendant guilty of contempt for nonpayment was unauthorized, both a service of the order requiring such payment and a demand for payment being necessary to the power to punish for contempt.[1]

2. Same—Adjudication—Sufficiency of Recitals.

A recital, in an order adjudging a party to a suit guilty of contempt for nonpayment of a sum which he was ordered by the court to pay, that it appeared "to the satisfaction of this court that a personal demand" for such sum had been made upon such party, was insufficient to show compliance with Code Civ. Proc. § 2268, authorizing punishment as for contempt where "the court is satisfied by proof by affidavit that a personal demand" for such money has been made, and payment has been refused, etc.

Appeal from special term, New York county.

Suit by Mary Flor against Wenzel Flor. From an order adjudging defendant guilty of contempt, he appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Wm. Henry Knox, for appellant.
Wm. M. Sullivan, for respondent.

HATCH, J. This action was commenced by the plaintiff to recover a judgment for an absolute divorce, and at the time of the service of the summons and complaint in the action there was also served a notice of motion for alimony pendente lite and counsel fees. The defendant made default in appearing upon the motion, and an order was granted directing the payment by the defendant of alimony and counsel fees in a specified sum; the order requiring that service should be made upon the defendant, and settlement of the same had upon notice. When the proposed order and notice of settlement was served upon the defendant, he applied for and obtained leave to open his default, and upon the hearing had upon the subsequent application the court made an order awarding to the plaintiff the sum of $8 a week as alimony and $125 as counsel fees. A copy of this order was served upon the defendant by the plaintiff, but no demand was made upon him at that time for the payment of the alimony and the counsel fee or of either. From this order the defendant appealed to this court, where the same was modified by reducing the amount of the alimony to $6 a week and the counsel fee to $50, and, as so modified, the order was affirmed. This order was never served upon the defendant, and no demand of payment of the alimony and counsel fee awarded thereunder has ever been made. Thereafter the plaintiff obtained an order to show cause why the defendant should not be punished for contempt in failing to obey the several orders directing him to pay alimony and counsel fees. This order coming on to be heard on March 6, 1902, the defendant was adjudged to be guilty of contempt, and was directed to be committed by the sheriff of the county of New York to the common jail in the city of New York in

[1] See Divorce, vol. 17, Cent. Dig. §§ 758 [a, b, c], 759.

the borough of Manhattan, and to be there detained in close custody until he should be discharged according to law. On April 3d this. order was resettled, but no change was made in that part adjudging the defendant to be in contempt, and directing his commitment to the common jail. From the resettled order this appeal is taken.

It is evident that the order cannot be sustained. It is well settled. that proceedings in contempt are to be construed stricti juris, and every condition precedent to the exercise of the power must show a literal compliance with the law. McComb v. Weaver, 11 Hun, 271. Before the defendant could be adjudged to be in contempt, it must have appeared, not only that the order with which he was required to make compliance was served upon him, but that such service be accompanied with a demand that he make compliance therewith, and pay the money directed to be paid thereby. Delanoy v. Delanoy, 19 App. Div. 295, 46 N. Y. Supp. 106; Bradbury v. Bliss, 23 App. Div. 606, 48 N. Y. Supp. 912. In the present case there has never been any service of the order made by the appellate division, nor has there been made any demand upon the defendant that he comply with such order. Service was made of the special term order, but the papers failed to disclose that any demand was made upon the defendant to pay the money directed to be paid by such order. It is true that the resettled order recites that, "it appearing to the satisfaction of this court that a personal demand for the alimony and counsel fee herein has been made upon the defendant," yet a careful examination of the papers recited in the order, as well as the other papers contained in the record, fails to disclose that any such demand was made upon the defendant, or that the order of the appellate division was ever served upon him. Authority for these proceedings is contained in chapter 17, tit. 3, Code Civ. Proc. By the provisions of section 2268 of that chapter it is, among other things, provided that the court must be satisfied by proof by affidavit that a personal demand has been made for payment of the sum directed to be paid in the order. There is no affidavit of such fact contained in the present record, nor does the recital in the order adjudging the defendant to be in contempt contain such statement; the recital being, "it appearing to the satisfaction," of the court, etc. The satisfaction of the court, as provided by the Code provision, must be had upon an affidavit or other equivalent proof. In this respect the application to punish for contempt is wholly unsupported. It follows that the order should be reversed,. and the defendant be discharged from custody. All concur.