## Matter of the Estate of HENRY AMY, Deceased.

(Surrogate's Court, New York County, June, 1921.)

**Contempt — Surrogate's Court — failure to pay over money — service of decree with demand essential.**

> In order that one may be adjudged in contempt for failure to pay over money as directed by a decree of the Surrogate's Court, it must appear not only that a certified copy of the decree was served upon the respondent but that such service was accompanied with a due and proper demand for immediate payment as directed by the decree.
>
> The formalities necessary to a due and proper service of the decree and demand for compliance therewith stated, and the application herein denied on the ground that the demand made did not comply with such formalities.

APPLICATION to punish respondents for contempt.

Francis Dwight Dowley, for Louis H. Amy.

Larkin, Rathbone & Perry, for *cestui que* trust and substituted trustee.

FOLEY, S. This is an application to punish respondents for contempt for failure to comply with the requirements of two decrees of this court. Before the respondents can be adjudged to be in contempt it must appear not only that certified copies of the

decrees with which they were required to make compliance were served upon them, but that such service was accompanied with due and proper demand for them to make compliance with the terms of the decrees. *Flor* v. *Flor,* 73 App. Div. 262; *Delanoy* v. *Delanoy,* 19 id. 295; *Bradbury* v. *Bliss,* 23 id. 606; *Matter of Scheuer,* 161 id. 525; *Matzke* v. *Matzke,* 185 id. 533; Judiciary Law, § 756. It has been the invariable rule and policy of this court that the demand must be made by the trustee or other legally appointed representative in person, or, in case of a corporation, by one of its duly authorized officers, or by the attorney in the original proceeding personally, or by a person especially authorized by the representative. This authorization must be in writing, acknowledged by the representative, and the original should be exhibited to the respondent at the time of demand. Fowler, S., *Matter of John Hartmann,* N. Y. L. J., Aug. 16, 1917; Cohalan, S., *Matter of Kirby,* Id., March 24, 1915; *Matter of Varet,* Id., Oct. 19, 1917; Arnold, S., *Matter of Lawes,* Id., Jan. 11, 1897; Rollins, S., *Matter of Hanfling,* Surr. Decs. (1884) 234, 291. The demand should have been for immediate payment by the respondent to the party presenting the same. The demand here did not comply with these formalities. The application is denied, without prejudice to renewal on compliance with these decisions and the provisions of the Judiciary Law.

Application denied.