JOSEPH TREPEL, Plaintiff, v. JOSEPH TREPEL et al., Defendants. In the Matter of TREPEL BROOKLYN FLORIST SHOP, INC., Respondent. JOSEPH TREPEL, Defendant-Appellant.— Appeal from an order granting respondent's motion to punish appellant for contempt of court for alleged violation of an injunction decree made October 20, 1921, in that he willfully re-entered and re-engaged in the business of selling flowers, floral decorations and floral pieces under his own name. Order reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, with $10 costs. Plaintiff Joseph Trepel obtained a judgment enjoining appellant from so using his own name in the retail florist business that the public might be deceived and the plaintiff injured. Respondent is a corporation which claims to be the successor of the business in which plaintiff Trepel was engaged at the time the injunction decree was obtained. Respondent was not in a position to institute the contempt proceeding because (1) it was not a party to the injunction action (Judiciary Law, § 753; *Mazzella* v. *Sarvis,* 272 App. Div. 381; *Matter of Springer,* 238 App. Div. 305, appeal dismissed 262 N. Y. 678); (2) there is no proof that respondent succeeded to the rights of plaintiff Trepel in relation to the subject matter of the suit, i.e., the rights under the injunction decree as distinguished from the rights in the florist business; (3) the rights of plaintiff Trepel under the injunction decree could not be assigned. (Personal Property Law, § 41, subd. 2.) However, assuming that respondent was a proper party to institute the contempt proceedings, there is no proof that appellant did any act which deceived the public. " In contempt proceedings for its enforcement, a decree will not be expanded by implication or intendment beyond the meaning of its terms when read in the light of the issues and the purpose for which the suit was brought; and the facts found must constitute a plain violation of the decree so read." (*Terminal R. R. Assn.* v. *United States,* 266 U. S. 17, 29.) When so read, it will be seen that appellant was not restrained by the injunction decree from re-entering and re-engaging in the business of selling flowers, floral decorations and floral pieces under his own name. Only the fraudulent manner of his doing business was restrained. (*Meneely* v. *Meneely,* 62 N. Y. 427.) Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

WALTER WILLIAMS, Respondent, v. LEE & SIMMONS, INC., Defendant, and PITTSTON STEVEDORING CORP., Appellant.— Plaintiff, a longshoreman, while engaged in removing cargo from a barge, was injured when a heavy wooden case or cases which had been loaded by appellant in tiers seven feet high, fell, struck him and fractured his ankle. The jury awarded plaintiff a verdict for $7,500. Judgment reversed on the facts and a new trial granted, with costs to abide the event, unless within ten days after the entry of the order hereon plaintiff stipulates to reduce the verdict to $5,500, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion, the verdict was excessive. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.