Lawrence H. Cooke, J.
The receiver pendente lite heretofore appointed herein moves that defendant Gardner be *186 adjudged in contempt of court, it being claimed that said defendant has in his possession ‘1 certain securities and other evidences of indebtedness ’ ’ which he refuses to turn over to the receiver unless it be stipulated not to negotiate or convert same into cash.
It is well settled that contempt proceedings are to be construed stricti juris (Goldie v. Goldie, 77 App. Div. 12, 14; Flor v. Flor, 73 App. Div. 262; People ex rel. Clarke v. Truesdell, 79 N. Y. S 2d 413).
A party cannot be adjudged in contempt for not delivering over certain property to the receiver unless the order appointing the receiver or some other lawful order or mandate directs the delivery (Fromme v. Jarecky, 19 Misc. 483; Matter of Blumenthal, 22 Misc. 704; McKelsey v. Lewis, 3 Abb NC 61; 13 Carmody-Wait New York Practice, pp. 436-437). Here, the order appointing the receiver does not direct the delivery of the property in question by the defendant Gardner to the receiver, nor has it been shown that there is any other order or mandate directing’ same, and, therefore Gardner cannot be held in contempt at this time.
Motion denied without prejudice to a renewal of the application upon a proper showing of an order or mandate directing delivery and without prejudice to an application for such an order.