OPINION OF THE COURT
Robert Charles Kohm, J.
This motion was brought by plaintiff to punish the defendant for contempt of court for failure to comply with an information subpoena.
The court’s power to punish for contempt has its origins in *686 the courts of Chancery (Geery v Geery, 63 NY 252; Brockway v Copp, 2 Paige Ch 578). This power was codified by 1802, when a statute authorized the Chancellor to enforce decrees by body execution (1 Burril, Supreme Court Practice, at 285, 316 [2d ed 1846]). These provisions were subsequently incorporated without substantial change in the Field Code (§285), continued in the Throop Code (§§ 1240, 1241), and the Civil Practice Act (§§504, 505). The Revised Statutes were forerunners of Judiciary Law § 753 (A) (3) which outlines the procedure for civil contempt and overlaps CPLR 5104, and which excluded money judgments from enforcement by contempt.
The term "contempt of court” encompasses civil and criminal contempt. The differences between the two types of contempt was set forth by the Court of Appeals in Matter of Department of Envtl. Protection v Department of Envtl. Conservation (70 NY2d 233, 239): "This court’s power to punish for civil and criminal contempt is found respectively in Judiciary Law § 753 (A) (3) and § 750 (A) (3). Although the same act may be punishable as both a civil and a criminal contempt, the two types of contempt serve separate and distinct purposes. A civil contempt is one where the rights of an individual have been harmed by the contemnor’s failure to obey a court order (People ex rel. Munsell v Court of Oyer & Terminer, 101 NY 245). Any penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court’s mandate or both (State of New York v Unique Ideas, 44 NY2d 345). A criminal contempt, on the other hand, involves an offense against judicial authority and is utilized to protect the integrity of the judicial process and to compel respect for its mandates (King v Barnes, 113 NY 476). Unlike civil contempt, the aim in a criminal contempt proceeding is solely to punish the contemnor for disobeying a court order, the penalty imposed being punitive rather than compensatory (State of New York v Unique Ideas, 44 NY2d 345, supra). ”
In 1976, the Federal court declared unconstitutional the entire procedural scheme provided by New York statute for implementing the court’s contempt powers (Vail v Quinlan, 406 F Supp 951 [SD NY 1976]). The court held that the statutory procedure violated due process in that: (1) while providing the opportunity for a hearing, it permitted an adjudication of contempt and an order of imprisonment to be made ex parte if the alleged contemnor defaulted; (2) it failed to require notice of the consequences of the failure to appear *687 at the contempt hearing; (3) it failed to require that the alleged contemnor be informed of his right to counsel or to assigned counsel if indigent; and (4) it provided for punitive fines and incarceration while failing to require a consideration of ability to comply. This decision was reversed by the United States Supreme Court on the grounds of Federal abstention (Juidice v Vail, 430 US 327 [1977]), without reaching the issue of the constitutionality of the New York statutory procedure (see, Wachtell and Mirvis, New York Practice Under the CPLR, at 520 [6th ed]).
To satisfy criticism that the contempt process was being abused by some judgment creditors who utilized such proceedings to obtain imprisonment of their debtors, the New York State Legislature in 1977, despite the United States Supreme Court’s reversal of the Vail case (supra), amended New York’s contempt statute (Judiciary Law § 756) to comply substantially with the dictates of the Federal court (see, Donnelly & Donnelly, 1977 Survey of New York Law, Commercial Law, 29 Syracuse L Rev, at 327 [winter 1978]).
The statute now provides in pertinent part that an application to punish for contempt punishable civilly "shall contain on its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend printed or typewritten in a size equal to at least eight-point bold type:
warning:
YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR contempt of court. (Judiciary Law § 756.)
The statute thus imposes two distinct requirements — first, that it contain the prescribed notice stating the purpose of the hearing and that the punishment may consist of a fine, imprisonment, or both; second, the above-stated warning printed or typewritten in at least eight-point bold type must also appear on the face of the motion. The wording of the statute clearly evidences the legislative intent that both the notice and warning appear on the face of the motion. Conse *688 quently an application which does not contain the prescribed notice and warning on the face of the application is jurisdictionally deficient (Barreca v Barreca, 77 AD2d 793; Stevens Plumbing Supply Co. v Bi-County Plumbing & Heating Co., 94 Misc 2d 456; People ex rel. Stage v Sherwood, 94 Misc 2d 372; Ebsary Gypsum Co. v Ruby, 256 NY 406 [1931]; Bobko v Rohrberg, 85 AD2d 675).
Plaintiff’s counsel utilizes a typed notice of motion form for its contempt applications. To the right of the caption on the face sheet of the motion, typed in capital letters equal in size to all capital letters typed on the page, appears the words "motion to punish for contempt of court which may consist of fine or imprisonment, or both”. Immediately below this the words "index no.” are typed in the same capital letters. Below the body of the motion, on the left side of the page, the required warning language is typed in capital letters that do not conform to the statute’s requirement that the warning be in at least eight-point bold type. This warning is below the date of the motion and to the left of the attorney’s name and address. The court, after reviewing the face sheets of numerous contempt applications submitted by counsel, advised them that their motions did not comply with notice and warning requirements of section 756 of the Judiciary Law. Counsel withdrew the applications and consequently submitted the same typewritten form of notice, containing the above, with the exception that in addition to the typed warning stated above there now appears a rubber-stamped warning in the bottom right-hand corner of the face sheet.
The court will first address the issue of whether the motion language contained in the top right-hand corner of the face sheet complies with the notice requirements of the statute. The court finds that it does not. First and most importantly, the language employed by counsel fails to provide the defendant with the required "notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law”. The notice requirement is couched in normal "notice of motion” language and may deceive the defendant into concluding that this is a normal motion. Second, the Legislature’s emphasis on the use of at least eight-point bold type for the warning does not diminish the requirement of notice pursuant to this section. The layout of the face sheet detracts from the seriousness of the remedy sought and lulls the defendant into believing that this is a routine motion *689 instead of one that could result in fine or imprisonment. While eight-point type is not required for the notice, this notice must nevertheless appear on the face of the motion in a manner that will immediately call the defendant’s attention to it. The typing of a statement to the right of the caption in capital letters of the same type size as the caption and the index number below it fails to adequately advise the defendant of purpose of the hearing. The separating of this purported notice from the warning, which is found on the bottom of the sheet, further detracts from the importance of the notice requirements and defeats the intent of the statute. The statute is emphatic that the face of the motion must contain both the notice and warning. The purpose of the statute is defeated when the notice is not readily apparent to one reading the papers.
The warning as stated is both typewritten in capital letters that are not at least eight-point bold in size, and stamped in ink on the bottom right-hand side of the page. First, the language used does not conform with the statutory language in that the semicolon after the word warning is missing. Second, while the type size of the stamp satisfies the requirements of the statute, the print is uneven, as in the case of most rubber-stamped words. The intensity of the letters is uneven, some letters containing more ink than others. The result is that the entire stamped warning fails to satisfy the statute’s requirement that warning be in bold type. Third, the statute requires that the warning be "printed or type written”. The use of a rubber stamp and ink meets neither requirement. Not only is the intensity of the lettering uneven, but there always exists a danger that the ink will run if the page becomes wet, thus obliterating the warning.
Because the contempt power involves a person’s liberty it is not to be lightly entertained (Matter of Spector v Allen, 281 NY 251 [1939]; Ketchum v Edwards, 153 NY 534 [1897]; Baumgartner v Baumgartner, 273 App Div 411 [1948]). Contempt statutes are a limitation on the court’s power to punish for contempt and must therefore be strictly construed.
This well-settled rule is stated in People ex rel. Clarke v Truesdell (79 NYS2d 413, 415-416) as follows: "It is a firmly entrenched principle that the power of the court to punish for contempt cannot be extended in the least degree beyond the limits which have been imposed by statute. Rutherford v. Holmes, 5 Hun 317, affirmed 66 N.Y. 368; People ex rel. Supreme Court v. Albertson, 242 App.Div. 450, 275 N.Y.S. 361; *690 Fromme v. Gray, 14 Misc. 592, 36 N.Y.S. 1107, affirmed 148 N.Y. 695, 43 N.E. 215. Contempt proceedings are strici juris. Goldie v. Goldie, 77 App.Div. 12, 14, 79 N.Y.S. 268, 269. Courts insist on strict and literal construction of contempt statutes and accord to the accused all rights, even the most technical rights, which it may afford. In re Berkon, 180 Misc. 659, 43 N.Y.S.2d 334, reversed on other grounds, 268 App.Div. 825, 49 N.Y.S.2d 551, affirmed 294 N.Y. 828, 62 N.E.2d 388.”
The defendant must be accorded all rights, even of the most technical nature (Drake v Lipow, 34 Misc 2d 185 [1962]). While our judicial system requires that the processes and orders of the court be vindicated, it must be done in a lawful and orderly fashion. Thus the contempt statutes are not to be amplified by implication or construction (Matter of Landau, 230 App Div 308, appeal dismissed 255 NY 567; Trepel v Trepel, 273 App Div 1015 [1948]; Matter of Schwartz v Sill, 85 Misc 55 [1914]).
Counsel’s oral argument that his firm has used this motion form in other jurisdictions is unpersuasive and without merit. The function of the court is to render justice, not to perpetuate injustice. Contempt is the harshest remedy available in a civil action. It can subject the contemnor to fine or imprisonment, or both. Therefore, the statutory notice and warning requirements must be strictly enforced to insure that defendants are made aware of the severe penalties for their failure to comply with the subpoena. The subject motion fails to give the required notice. In addition, the mandated warning, for the reasons stated, deviates from the requirements of the statute.
Accordingly, the motion is denied without prejudice to renew upon proper papers.