IN THE MATTER OF THE ESTATE OF ADOLPHUS F. OCKER-SHAUSEN, DECEASED.

GEORGE P. OCKERSHAUSEN, EXECUTOR, ETC., APPELLANT, v. HENRY A. OCKERSHAUSEN, RESPONDENT.

*Executor indebted to the estate — when not liable to be punished for contempt.*

An executor who is indebted to the estate of his testator, upon a claim not resting in tort, and who is insolvent and unable to pay the amount in which he has been adjudged to be thus indebted, is not liable to punishment, as for a contempt, because of his not paying it.

APPEAL by George P. Ockershausen from an order, entered in the office of the clerk of the county of Richmond, in the above-entitled proceeding, adjudging him to be guilty of contempt of court and fining him the sum of $842.10.

The proceeding was instituted for the purpose of punishing George P. Ockershausen, who was the executor and testamentary trustee under the last will and testament of Adolphus F. Ockershausen, deceased, because of his inability to pay the sum of $842.10, in which amount he was adjudged to be indebted to one Henry A. Ockershausen for a loss incurred by said executor, as surviving partner of the firm of Ockershausen & Bros., on the sale of real estate belonging to said firm, and which sum he was ordered by the surrogate of the county of Richmond to pay to said Henry A. Ockershausen, as the amount due to said Henry A. Ockershausen from said executor, for his proportion of the loss on real estate incurred by said executor as surviving partner of the firm of Ockershausen & Bros.

*Charles P. Buckley*, for the appellant.

*William M. Mullen*, for the respondent.

PRATT, J.:

The moving papers do not show a demand upon the executor for payment, which has been held to be necessary before a proceeding in contempt can be maintained. (*McComb* v. *Weaver*, 11 Hun, 271.) There is no allegation showing absence or concealment of the debtor, or any other reason why a demand would be impossible or difficult. We see no reason why the general rule requiring a demand should be departed from in this case.

The indebtedness in the present case has none of the features of a tort. It is not for money which the executor has received and for which he fails to account. It is for a debt allowed to be owing from him to the estate. If the debt is due, and the set-off claimed does not exist, it might support a decree against him upon which an execution could issue.

After the return of the execution, if defendant had money in his hands which, after an order duly made, he unjustly refused to apply upon the debt, an order punishing him for contempt may be made. That is not this proceeding. The papers show that appellant is insolvent and unable to pay the amount decreed. Where the debt is not fiduciary in its origin, does not rest in tort, inability to pay the sum demanded is an answer to the motion to punish for contempt in not paying.

Order reversed, with costs of both courts to appellant.

BARNARD, P. J., and DYKMAN, J., concurred.

Decree of surrogate reversed, with costs in Surrogate's Court and in this court.