Henry A. Gildersleeve, as a Trustee of the Nepara Park Land Company, Respondent, v. G. Harry Lester, Individually, and as a Trustee, etc., Appellant, Impleaded with Others.

*Enforcement of a judgment by proceedings for contempt.*

A judgment, rendered in an action brought under sections 1781 and 1782 of the Code of Civil Procedure, compelling a trustee of a corporation to account for property of the corporation wrongfully appropriated by him, and to pay over the value thereof in money to a receiver of the corporation appointed by the court for that purpose, may be enforced by a proceeding as for a contempt, under subdivision 4 of section 1241 of the Code of Civil Procedure, even if an execution could have issued thereon.

Appeal by the defendant, G. Harry Lester, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 16th day of January, 1893, adjudging the said defendant guilty of a contempt of court, in willfully neglecting and refusing to pay John

Von Glahn, as receiver of the Nepara Park Land Company, for the benefit of the said company, the sum of $67,500, with interest thereon from the 11th day of July, 1892, as directed by the judgment in this action, entered on the said 11th day of July, 1892.

*L. C. Waehner,* for the appellant.

*John W. Boothby,* for the respondent.

PER CURIAM:

The nature of the action, the form of the judgment, the power of the court to appoint a receiver, are all fully discussed in the opinion herewith handed down upon the appeal from the judgment. The single question remaining is as to the right to enforce the judgment by punishment as for a contempt.

In disposing of this question little need be added to the able opinion of the judge from whose order this appeal is taken. Most of the cases cited by appellant as inclining to a contrary view have been cases under the old Code, or where the direction was in effect a direction to pay to a party for his own benefit, in which cases an execution to enforce the judgment may be issued. We think that under the true construction of subdivision 4 of section 1241 of the Code, the right is given to enforce the terms of the judgment by proceeding as for a contempt. This section disposes, it seems to us, of the main argument made by appellant, that these proceedings cannot be resorted to upon judgments where the act directed to be performed requires the payment of money, or where an execution upon such judgment can be issued, because, by the express terms of such section, a judgment such as this, requiring the payment of money to an officer of the court, may be enforced by contempt proceedings, although an execution may issue, and even simultaneously with the issuing of such execution.

The only question presented, which, as we have already stated, has been disposed of on an appeal from the judgment, is as to whether the receiver appointed by the judgment in this action is an officer of the court within the meaning of such subdivision of section 1241 of the Code. This, we think, needs no further discussion, but a statement of our conclusion that such a receiver is clearly an officer of the court, within the meaning of that section.

It is true that this section excepts cases where money is due upon contract. This action, however, was for a breach of trust in wrong-fully misappropriating property of a corporation of which the defendant was a trustee. The act was grand larceny. (§ 528, Penal Code.) A breach of trust which arises out of contractual relations is, nevertheless, a tort. Many breaches of trust arise out of the violation of express or implied contracts — for example, breaches of trust committed by agents, attorneys and the like. The judgment in this action was for a tort, and the defendant is, therefore, liable to imprisonment.

We think, therefore, that the judgment in this case having required the payment of money to an officer of the court, that whether an execution could or could not have been issued upon such judgment, it could be enforced by contempt proceedings under section 1241 of the Code, and that, for these reasons, in addition to those stated by the judge at Special Term, we think the order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Order affirmed, with ten dollars costs and disbursements.