First Department, May Term, 1894.          [Vol. 78.

Robert M. G. Walford, Respondent, *v.* Frank C. Harris, Indi-
vidually and as Trustee, etc., Appellant, Impleaded with Harry
B. Bailey.   No. 2.

*Contempt — failure to obey a judgment — statement in a judgment that the liability
arose from fiduciary relations — imprisonment of the judgment debtor.*

When the sole liability which is sought to be enforced by a judgment is that
of a partner to his co-partners, and such liability arises out of the contractual
relations existing between them, a fiduciary relation is not established such as
will authorize the punishment of the defendant for contempt, under the pro-
visions of section 1241 of the Code of Civil Procedure, upon his failure to com-
ply with the provisions of the judgment.

The fact that a judgment, directing the payment of a sum of money by the
defendant in an action, declares that the liability of the defendant arose out of
relations of a fiduciary character (when it appears upon the face of the judg-
ment roll that such is not the fact), does not authorize the imprisonment of the
defendant.

Appeal by the defendant, Frank C. Harris, individually and as
trustee, etc., from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 19th day of January, 1894, adjudg-
ing the defendant Harris guilty of contempt.

*R. P. Harlow*, for the appellant.

*H. H. Whitman*, for the respondent.

Van Brunt, P. J. :

This action having been commenced amongst other things to
obtain an accounting by the defendant Harris as the attorney in
fact of the plaintiff and the defendant Bailey, in respect to the
liquidation of certain claims belonging to a firm of which the
defendant Harris, the defendant Bailey and the plaintiff were mem-
bers, a judgment was entered declaring that the said Harris in
liquidating the affairs of the firm acted in a fiduciary capacity, and
that an application of a certain sum of money to his own use by
said Harris was a conversion of the same notwithstanding that there
had been no settlement of the co-partnership accounts, and he was
directed to pay over the same to a receiver.   Not having done so,

this application was made to commit him for contempt, which being granted, from the order thereupon entered this appeal is taken.

It is clear that prior to the present Code in a proceeding such as this no commitment could issue to enforce the collection of a money judgment, but the same must be by execution. It is undoubtedly true that by the Code (§ 1241) the old rule has been modified to some extent. By the 4th subdivision of that section it is provided that a judgment may be enforced against a party refusing or willfully neglecting to pay it, by punishing him for a contempt of court where the judgment requires the payment of money into court or to an officer of the court, except where the money is due upon a contract express or implied, or as damages for non-performance of a contract. Therefore, unless the liability sought to be enforced by this judgment comes within the exception, the court had the power to make the order appealed from.

We think, upon an examination of the judgment roll, that it appears that the sole liability which was to be enforced was that of a partner to his co-partners, and such liability arises out of the contractual relations existing between them and is not of that fiduciary character which was claimed to be established. It is true that by the judgment it was declared to be fiduciary; but when it appears upon the face of the judgment roll that such is not the fact, the mere calling the relation fiduciary cannot authorize the plaintiff to imprison the defendant. It is sought to liken the case at bar to that of *Gildersleeve* v. *Lester* (68 Hun, 535; affd. in the Court of Appeals, 139 N. Y. 608) where a commitment was issued to enforce a judgment compelling a trustee of a corporation to account for the property of the corporation wrongfully appropriated by him and to pay over the value thereof in money to a receiver of the corporation appointed by the court for that purpose. But that case is not in any respect like the one at bar. The act of the trustee in that case was a grand larceny, and was so held by the court. It did not arise out of any contract; and, therefore, was not within the exception, and consequently the power to issue the commitment existed. But in the case at bar the defendant has not committed any crime by the retention of this money; he has not embezzled it; he has not committed grand larceny, and he is only insisting upon his con-

tractual rights. Such being the case, it seems to come within the exception, and the power to issue the commitment did not exist.

The order should be reversed, with ten dollars costs and disbursements, and the motion for commitment denied, with ten dollars costs.

FOLLETT and PARKER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for commitment denied, with ten dollars costs.