(88 App. Div. 498.)

GENERAL ELECTRIC CO. v. SIRE et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. CONTEMPT—PUNISHMENT—DEMAND FOR COMPLIANCE.
    Under Code Civ. Proc. § 2268, providing that when the court is satisfied that a personal demand for money required to be paid by an order of court has been made, and payment refused, a warrant to commit may issue, and section 2269, providing that in such case the court, in its discretion, may make an order to show cause, defendant, who was directed by a judgment to pay money to the receiver of a corporation, no particular time being specified, could not be committed for contempt in the absence of a demand by the receiver.

2. SAME—ACTS PUNISHABLE—NONCOMPLIANCE WITH JUDGMENT.
    Code Civ. Proc. § 14, subd. 3, authorizes a court to punish a party by fine or imprisonment for nonpayment of money ordered to be paid by the court in a case where execution cannot issue. Section 1240 provides that a final judgment may be enforced by execution when it is for a sum of money, or awards a chattel. Section 1241 provides that a judgment may be enforced by contempt proceedings where it is final and cannot be enforced by execution, or when it requires the payment of money into court, or to an officer of the court, except in cases of contract.

---

¶ 1. See Contempt, vol. 10, Cent. Dig. § 78.

*Held*, that a final judgment directing the payment of money to a receiver, a party to the action, who had been previously appointed as such, and vested with title to the corporate property, being one on which execution can issue under section 1240, and not being payable to the receiver as an officer of the court, under section 1241, but in his proprietary capacity, cannot be enforced by contempt.

Appeal from Special Term, New York County.

Action by the General Electric Company against Meyer L. Sire and others and James R. Kiernan, as receiver of the Greater New York Amusement Company. From an order adjudging defendants Sire and others guilty of contempt, they appeal. Reversed.

See 84 N. Y. Supp. 1127.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Franklin Bien, for appellants.

John Vernou Bouvier, Jr., for respondent.

INGRAHAM, J. The respondent Kiernan, a defendant in this action, was, by an order of the Supreme Court in an action to sequestrate the property of the defendant the Greater New York Amusement Company, appointed receiver of the property of the said corporation, and by subsequent orders the receivership was extended to actions for the same purpose brought by other creditors. Subsequently this action was brought by a creditor of the corporation to set aside certain transfers of the property of the corporation to the appellants, and to this action the receiver was made a party defendant. Upon the trial, judgment was entered adjudging certain transfers of property of the corporation to be fraudulent and void as to creditors; and the judgment directed the appellants to pay to the receiver, Kiernan, as permanent receiver of the defendant the Greater New York Amusement Company certain sums of money, and also directed the appellants to transfer to the receiver certain furniture, fixtures, fittings, and furnishings in and about the New York Theatre, in the possession of the appellants, or, in default thereof, that they pay to the said receiver a sum of money fixed as the value of the property. The judgment also directed that the appellants forthwith pay to the receiver the sum of $19,500, the value of the program contract between the defendant company and Frank V. Strauss & Co., and also to pay to the receiver the sum of $800, the value of the bar supplies transferred from the defendant company to the Fifth Avenue Real Estate Company; the total sums required to be paid by these appellants to the receiver aggregating nearly $60,000. A duly certified copy of the judgment was served upon the defendants. The defendants failed to comply with this judgment, whereupon the receiver obtained an order requiring the appellants to show cause why they should not be adjudged guilty of contempt for having willfully disregarded, violated, and treated with contempt the judgment above described, "by their refusal and neglect, and their continued refusal and neglect, to forthwith pay to said defendant James R. Kiernan, as permanent receiver," the sum of $24,685.57, the aggregate of the payments made to the defendant appellants, and "by their refusal and neglect, and continued refusal

and neglect, to forthwith transfer to the receiver herein" the various personal properties described in the judgment, or to pay to the receiver the amount of money fixed by the judgment in lieu of the transfer of the property. This motion coming on to be heard, it was adjudged that the defendants were guilty of contempt in their failure to comply with this judgment directing the payment of these various sums of money, and that they be fined the amount of the payment required by the judgment, and their commitment was ordered until the amount so adjudged due should be paid; and from this order an appeal was taken.

There was no evidence that a demand had been made by the receiver upon these appellants for the payment of the moneys directed to be paid by the judgment. A certified copy of the judgment was served upon the appellants, but that service was not by the receiver personally, and no demand for the payment required by the judgment was then made. Section 2268 of the Code of Civil Procedure provides that when the court is satisfied that a personal demand for the payment of a sum of money required to be made by an order of the court has been made, and that payment thereof has been refused, a warrant to commit may issue. Section 2269 provides that, when the case is one mentioned in section 2268, the court may, in its discretion, make an order to show cause. The warrant or order to show cause must be based upon a personal demand. Delanoy v. Delanoy, 19 App. Div. 295, 46 N. Y. Supp. 106. The appellants were directed to make these payments directly to the receiver. The judgment did not require that the appellants should pay the money at any particular time or place; and until the receiver, by his demand upon the appellants for the money as directed by the judgment, has placed the appellants in a position of refusing to comply with the judgment, they are not guilty of contempt for which they should be punished.

The further question is presented as to whether this judgment could be enforced by proceedings as for a contempt, or whether it should be enforced by docketing the judgment as a money judgment, and the issuance of execution thereon. Subdivision 3 of section 14 of the Code provides that a court of record has power to punish by fine or imprisonment "a party to the action or special proceeding * * * for the non-payment of a sum of money ordered or adjudged by the court to be paid in a case where by law execution cannot be awarded for the collection of such sum." Section 1240 of the Code provides that a final judgment may be enforced by execution "where it is for a sum of money in favor of either party, or directs the payment of a sum of money," and, "in an action to recover a chattel, where it awards a chattel to either party." The judgment in this case is directly within this section of the Code. It is for a sum of money in favor of the defendant receiver, a party to the action, and directs the payment to the receiver of a sum of money applicable to obligations of the corporation. Section 1241 provides that:

"In either of the following cases a judgment may be enforced by serving a certified copy thereon upon the party against whom it is rendered, or the

officer or person, who is required thereby, or by law, to obey it; and, if he refuses or wilfully neglects to obey it, by punishing him for a contempt of the court: (1) Where the judgment is final, and cannot be enforced by execution, as prescribed in the last section. * * * (4) Where the judgment requires the payment of money into court, or to an officer of the court; except where the money is due upon a contract, express or implied, or as damages for non-performance of a contract. In a case specified in this subdivision, if the judgment is final, it may be enforced as prescribed in this section, either simultaneously with or before or after the issuing of an execution thereupon, as the court directs."

An execution can be issued to enforce the final judgment in this action, and the judgment cannot be enforced by contempt proceedings unless it requires the payment of money into court, or to an officer of the court.

The respondent Kiernan is receiver of the property of a domestic corporation, appointed in sequestration proceedings for the benefit of the judgment creditors at whose instance he has been appointed. By virtue of that appointment, the property of the corporation was vested in him, and he became the owner of the property, and as such he was entitled to its possession. He was made a party to this action as the person in whom the property was vested by virtue of his appointment. The action was commenced to reach property belonging to the corporation in the hands of these appellants, and which, as to creditors of the company, was applicable to the payment of its debts; and it was in his favor in this capacity that the judgment directed that he be paid this money. While it may be said that this receiver is an officer of the court while engaged in collecting the assets of the corporation, this money is not recoverable by him as an officer of the court, merely, but as the owner of the property of the corporation, which vested in him by virtue of his appointment as receiver. As such, he is made a party to the action; and, as such, he is held to be entitled to recover from these appellants various sums of money belonging to the corporation, and property, or the value of property, of the corporation which has been transferred to them. It is his right to recover this money and property as successor in interest of the corporation, which has, by virtue of his appointment, vested in him. I do not think that the money is directed to be paid to an officer of the court, within the meaning of this section of the Code. No receiver was appointed by this judgment to collect the money as an officer of the court. The appellants were directed to pay it to a party to the action, whose title to the money and property had vested in him by virtue of his appointment as receiver; but the judgment was in favor of the legal owner of the property, and the appellants were directed to pay the money to him in that capacity, and not as an officer of the court.

Myers v. Becker, 95 N. Y. 486, was an action by a judgment debtor to set aside an assignment made for the benefit of creditors. In that action an interlocutory judgment was entered declaring the assignment void as to creditors, and requiring the assignee to account for the value of the property which came into his hands, which was found to be $3,000, and appointing a receiver of the property of the assignors, and adjudging that from the proceeds of such property

he should pay the costs and disbursements of the action.  A referee was appointed, before whom the assignee accounted; and upon the referee's report an order was made which confirmed the report, and ordered the assignee to pay to the plaintiff the amount of the assigned estate in his hands.  It was held that a final judgment could have been entered upon the report of the referee, which could have been enforced by execution, and that consequently a proceeding to enforce the order confirming the referee's report by contempt was not justified.  The provisions of the Revised Statutes were in force at that time, but they are not substantially different from the provisions of the Code.

The case of Gildersleeve v. Lester, 68 Hun, 532, 22 N. Y. Supp. 1026, affirmed on opinion below in 139 N. Y. 608, 55 N. E. 203, is not in point.  In that case, as appears by the report on the appeal from the judgment (68 Hun, 532, 22 N. Y. Supp. 1026), the action was brought by the plaintiff, as trustee of a corporation, to compel the defendants to account for their official conduct in the management and disposition of the funds and property of the corporation, and to compel the defendant Lester to pay to the corporation of which he was trustee any money and the value of any property which he acquired himself or transferred to others, or lost or wasted by a violation of his duty, under sections 1781 and 1782 of the Code.  The final judgment in that action appointed a receiver, and compelled the defaulting trustee to account to the receiver for the property of the corporation which he had misappropriated or had lost by his breach of duty; and in such a case, where a receiver was appointed by the judgment which directed the defendant to pay a sum of money in his hands to the receiver, it was held that the receiver was an officer of the court, within the meaning of subdivision 4 of section 1241 of the Code, and the payment of the money could be enforced by contempt.  But in this action the money was not paid to an officer of the court appointed by the judgment here sought to be enforced, but was directed to be paid to the person in whom the legal title of the property had vested by virtue of his appointment as receiver in another action.  It was a final judgment which could be enforced by execution, by which certain moneys for which the appellants were liable were directed to be paid to a party to the action for distribution among the creditors of the corporation; and such a judgment, we think, should be enforced by execution, and not by a proceeding for a contempt.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to punish the appellants for contempt denied, with $10 costs.  All concur.

85 N.Y.S.—10