## SUTTON v. SUTTON.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

1. MARRIAGE (§ 62*)—ANNULMENT—ALIMONY—APPLICATION TO ENFORCE PAY-
MENT—STATUTES.

Where an order requiring plaintiff to pay alimony was made in an action for annulment of marriage, an application to enforce payment by contempt was properly made under Judiciary Law (Consol. Laws 1909, c. 30) § 753, providing that a court of record has power to punish for contempt a party to an action for the nonpayment of money ordered to be paid in a case where by law execution cannot be awarded for its collection, and not under Code Civ. Proc. § 1773, providing for the enforcement of an order requiring a husband to pay money for the support of his wife and children after separation by contempt proceedings.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 137; Dec. Dig. § 62.*]

2. CONTEMPT (§ 25*)—DISOBEDIENCE OF ORDER—SERVICE—DEMAND.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 753, authorizing enforcement of an order for the payment of money by contempt proceedings, it is not sufficient that the order or judgment be served on the delinquent, and that he be made fully acquainted with its effect, but compliance with the order or judgment must be explicitly demanded by a party entitled to make such demand.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 75–78; Dec. Dig. § 25.*]

3. CONTEMPT (§ 25*)—ORDER FOR THE PAYMENT OF MONEY—DEMAND.

Plaintiff, in an action against his wife for annulment of marriage, was ordered to pay $10 a week "to defendant" at the office of her then present attorney, or of any other attorney who might appear for her. *Held*, that a substitute attorney for the wife had no authority to make a demand on plaintiff for the payment of such alimony, as he was not authorized to receipt therefor; and hence such a demand was insufficient to support contempt proceedings.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 75–78; Dec. Dig. § 25.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by McWalter B. Sutton against Josephine Leslie Sutton. From an order fining plaintiff for contempt in having failed to pay an accumulation of alimony, he appeals.   Reversed, and motion denied.

See, also, 129 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Max Brown, for appellant.
Abraham C. Cohen, for respondent.

SCOTT, J.   This is an appeal from an order fining the plaintiff for his contempt in having failed to pay the accumulations of alimony due under an order directing such payment.

[1] The action is for the annulment of a marriage, and the application to enforce payment of the alimony was consequently properly

---

made under section 753 of the judiciary law (Consol. Laws 1909, c. 30, formerly section 14, Code Civ. Proc.), instead of under section 1773, Code Civ. Proc., which applies only to actions for a divorce or for a separation.

[2] But even under section 753 of the judiciary law to bring a party into contempt for disobedience of an order or judgment requiring the payment of money it is not sufficient that the order or judgment be served upon him, and he be made fully acquainted with its effect; but, in addition thereto, a compliance with the order or judgment must be explicitly demanded by a party who has the right to make such demand. Lorton v. Seaman, 9 Paige, 609; McComb v. Weaver, 11 Hun, 271; In re Ockerhausen (Gen. Term, 2nd Dept.) 59 Hun, 200, 13 N. Y. Supp. 396.

[3] In the present case the order for alimony required plaintiff to pay $10 per week to defendant at the office of her then present attorney or of any other attorney who might appear for her. It is to be noted that, while the order designated the attorney's office as the place of payment, the alimony was required to be paid not to the attorney, but to the defendant. Hence, not only had the attorney no right to demand that the alimony should be paid to him, but a payment to the attorney would not be a compliance with the order, nor would the attorney's receipt be an acquittance to plaintiff if the defendant should afterwards demand that he pay the same alimony to her. The only demand served on plaintiff (if indeed it was served) was signed by an attorney who described himself as attorney for the defendant, but was not the same attorney who represented defendant when the order for alimony was made. It appears, by his affidavit, that he had been substituted for the former attorney, but it does not appear that that fact had been communicated to plaintiff. The notice, signed by the substituted attorney, called upon plaintiff "to pay to the undersigned at his office" the amount of alimony which had accrued. As has already been said, this is not what the order required. That this demand was not authorized by defendant, and that plaintiff if he had gone to the attorney's office could not have complied with the order by paying alimony to the defendant, is amply shown by the attorney's own affidavit wherein he swears "that he does not know her whereabouts at present." The plaintiff therefore has not been served with a demand by a party who has a right to make such a demand, and he has not therefore been put in contempt.

The order appealed from must be reversed, and the motion denied, without costs.

McLAUGHLIN and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). I am of opinion that the plaintiff was duly adjudged in contempt of court for failing to pay alimony, and that the order should be affirmed. The action is by the husband for the annulment of his marriage to the defendant. Counsel for the appellant does not specifically contend that it is not competent for the court in such an action to award alimony pendente lite, and that ques-

tion is no longer open for it has long since been set at rest and the authority therefor sustained by the Court of Appeals (Griffin v. Griffin, 47 N. Y. 134; Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9; Jones v. Brinsmade, 183 N. Y. 258, 76 N. E. 22, 3 L. R. A. [N. S.] 192, 111 Am. St. Rep. 746); but he does contend that the motion was made pursuant to the provisions of section 1773 of the Code of Civil Procedure, which applies only to actions for divorce and separation. In other words, the contention is that the authority of the court to award alimony in such cases is not statutory, and that the mere fact that the moving papers indicate that the motion was based on said section 1773 was sufficient to deprive the court of jurisdiction to punish for contempt under the general provisions of subdivision 3 of section 14 of the Code of Civil Procedure. I do not agree with this contention, and am of opinion that the moving papers show a sufficient basis for the motion under the provisions of said subdivision 3 of section 14.

It appears that the order for the payment of the alimony was duly made at Special Term on the 5th day of July, 1910. Since that order was made, there has been a substitution of attorneys for the defendant. The order, however, required the payment of the alimony in weekly installments, not at the office of the then attorneys for the defendant, but "at the office of the attorneys for the defendant, or such other attorney as may appear for her herein." It is not controverted, and must be assumed, that the plaintiff had due notice of the substitution of attorneys for the defendant, and, even if he did not have prior notice, it appears by affidavit that after the substitution of attorneys, and on the 27th day of January, 1911, he had notice thereof by personal service upon him that day of a demand in writing, in the name of the substituted attorney, with his office address, for the alimony accrued from the 12th day of August, 1910, amounting to $210, for the nonpayment of which the appellant has been adjudged in contempt. It also appears that at the time said demand was made upon the plaintiff he was duly served with a certified copy of the order requiring the payment of the alimony. I do not understand that counsel for the appellant questions either the right of the substituted attorney to make the demand or the sufficiency thereof; but, the question having been raised on the consideration of the appeal, I am of opinion that it was the duty of the plaintiff to pay the alimony at the office of the substituted attorney, and that the demand was sufficient.

It is claimed, however, that the motion to punish the plaintiff for contempt was not authorized, since it is not founded upon an affidavit of the defendant made to be used on such motion. It is in part founded upon an affidavit of the defendant made on a motion for sequestration of the property of the plaintiff on account of his failure to pay the alimony which had accrued down to December 8, 1910, which covers most of the period. Since the alimony was payable at the office of the attorney for the defendant, I am of opinion that it was competent for the attorney of record to make the motion, and that it was not essential that the moving papers should show by affidavit, or otherwise, express authority from his client to move in the premises.

Service of the order was controverted; but it was competent for

the court to determine the motion on the conflicting affidavits without requiring common-law proof by a reference, or otherwise.

I therefore vote for the affirmance of the order.

INGRAHAM, P. J., concurs.