THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN BELLANCA, Respondent, v. ROBERT L. MORAN, as Sheriff of the County of Bronx, Respondent.

COSIMO AMANTE, Appellant.

First Department, May 13, 1932.

---

* Dismissing appeal, 139 Misc. 396.

*Philip Kohn* of counsel [*James E. Lo Piccolo,* attorney], for the appellant.

*E. Ivan Rubenstein* of counsel [*Rubenstein & Rosling,* attorneys], for the relator, respondent.

O'MALLEY, J. The question presented is whether the Supreme Court, Kings county, had jurisdiction of the relator, respondent, when it adjudged him guilty of contempt. If not, the order sustaining the writ of habeas corpus was proper. If there was jurisdiction, the order must be reversed.

On September 11, 1929, one Amante instituted an action in the Supreme Court, Kings county, against the relator, respondent, and one Pollizzotti as defendants for a dissolution of a partnership existing between them and for an accounting. In such action an order was made appointing a receiver who was empowered " to collect all outstanding accounts, including those collected by the respective parties to the action, and otherwise act to liquidate the said copartnership." On May 23, 1930, an order was made permitting the receiver to sell the assets, including the accounts payable and receivable, upon condition that the purchaser should file a bond in the sum of $7,000 to assure payment of the accounts payable.

Pursuant to such order, the receiver entered into a contract with Scoglio to sell him the physical assets of the partnership, including accounts receivable and accounts payable. Scoglio made a payment under the terms of sale and the bill of sale was to be delivered

June 26, 1930. Prior to such date Scoglio executed and delivered to Amante, the plaintiff in the action, an assignment of all his right, title and interest under the receiver sale.

Thereafter, Amante, on notice to all parties, including the receiver, applied for a modification of the order empowering the receiver to sell, so as to permit him, in accordance with the terms of sale, to transfer title to Amante on his filing a bond, in the sum of $2,000, instead of $7,000. This application was granted and an order to such effect was entered August 22, 1930.

Amante filed the bond and received a bill of sale from the receiver which covered the accounts receivable. It is claimed by the relator that this bill of sale covered only such accounts as were outstanding on the date such bill of sale was executed.

By order dated August 31, 1931, obtained by Amante, the relator was directed to show cause why he should not turn over to Amante all the moneys and obligations formerly belonging to the partnership and collected by him. Pursuant to the direction contained in such order, it was served on September 2, 1931, not on the relator himself, but on his then attorney. Such service was proper. (*Pitt* v. *Davison*, 37 N. Y. 235.) The petition recites that the relator's then attorney *duly* acknowledged receipt of said papers.

On the return day of the order the relator appeared by his attorney and obtained an adjournment to September 15, 1931. On the adjourned date no appearance was made in opposition, and on September 21, 1931, the court made an order directing the relator to turn over to Amante moneys and obligations allegedly collected by him, amounting to the sum of $2,356.80. It is claimed by the relator that this represented sums collected prior to the date of the bill of sale.

On September 23, 1931, the relator was *personally* served with a certified copy of the order directing him to make such payment. Thereafter, Amante obtained another order directing the relator to show cause why he should not be adjudged in contempt for failure to obey this last order. A certified copy of this order to show cause was personally served on the relator.

On the return date of this order, October 27, 1931, the relator again appeared by his attorney and obtained an adjournment to November fourth. Again, the motion went by default and an order adjudging the relator in contempt was granted. The contempt order was entered November sixteenth, and on November twenty-first the sheriff of Bronx county committed the relator to the county jail of said county.

Two days after his arrest, and on November twenty-third, the relator obtained a writ of habeas corpus, returnable in Bronx county,

which writ was dismissed November thirtieth, and the relator remanded.

Prior thereto and on November 24, 1931, the day after the argument on the writ in Bronx county, the relator, without disclosing that such writ had been obtained, secured an order to show cause why the contempt should not be set aside. This motion came on in Kings county, and was summarily denied. Again, on December 1, 1931, the relator obtained another order to show cause also seeking to set aside the contempt. This application was also denied on December 5, 1931, in Kings county.

The Special Term was of opinion that the contempt proceeding was not initiated in and as part of the dissolution action in Kings county; that it was a special proceeding, and because it was initiated by papers served on the relator's attorney and not on him personally, there was no jurisdiction for adjudging him in contempt.

With this conclusion we do not agree. It seems to us that the order adjudging him in contempt was made in the dissolution proceedings. The application for the order directing the relator to turn over the property was made by the plaintiff in the action who had succeeded to the rights of the receiver therein. Furthermore, the order to show cause why relator should not be punished for contempt was personally served upon him. Both on the return date of the application to direct him to turn over the property, and on the date of the application to punish him for contempt, the relator appeared by attorney. This constituted an appearance by the relator. Any possible defect, therefore, in the inception of the contempt proceedings was cured. Moreover, by his two applications in Kings county to avoid the contempt, the relator again submitted to the jurisdiction of the court.

Under all the circumstances presented, therefore, we are of opinion that the Supreme Court, Kings county, in adjudging the relator in contempt, had jurisdiction. The propriety or the justice of the punishment may not be inquired into by habeas corpus; nor can such process be used for the purposes of an appeal. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46; *People ex rel. Doyle* v. *Atwell*, 232 id. 96.) Any relief the relator may be entitled to should be obtained through the court which has adjudged him in contempt.

It follows that the order appealed from should be reversed, the writ of habeas corpus dismissed, and the relator remanded to custody.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order reversed, the writ of habeas corpus dismissed and the relator remanded to the custody of the sheriff of Bronx county.