HYMAN NELSON, Appellant, v. BENJAMIN HIRSCH et al., Defendants, and BENJAMIN PURITZ, Respondent.

(Submitted April 16, 1934; decided May 22, 1934.)

*Louis P. Goldberg* and *Samuel S. Rosh* for appellant. Under section 505 of the Civil Practice Act, a direction to pay moneys to an officer of the court can be enforced by contempt proceedings even though an execution might be issued. (*Geller* v. *Flamount Realty Corp.*, 260 N. Y. 346.)

*Joseph A. Seidman* for respondent. The order of the Appellate Division made in the action is not a final order affecting a substantial right, and is one made in the exercise of discretion, and is not reviewable by the Court of Appeals. (*Public Nat. Bank* v. *National City Bank*, 261 N. Y. 316; *McGowan* v. *Metropolitan-Life Ins. Co.*, 259 N. Y. 454; *Matter of Brennan* v. *Board of Education*, 245 N. Y. 8; *Ray* v. *N. Y. Bay Ext. R. R. Co.*, 155 N. Y. 102; *Geller* v. *Flamount Realty Corp.*, 260 N. Y. 346; *Lewin* v. *Lehigh Valley R. R. Co.*, 169 N. Y. 336; *Gray* v. *Vought*, 243 N. Y. 585; *Cochrane* v. *Ingersoll*, 73 N. Y. 613; *Watrous* v. *Kearney*, 79 N. Y. 496; *Carrington* v. *Florida R. R. Co.*, 52 N. Y. 583; *Witherbee* v. *Witherbee*, 55 App. Div. 181.)

POUND, Ch. J. This case comes to us on an appeal from an order of the Appellate Division reversing " on the law and the facts " an order of the Special Term which adjudged respondent Puritz in contempt for failure to pay over $8,000 to a receiver appointed in the action as directed by the final judgment. The appeal was allowed by the Appellate Division on a certified question which reads: " Was the order granting on this record plaintiff's motion to punish the defendant Puritz for contempt properly made? "

The judgment was obtained in an action brought under

section 60, subdivisions 1 and 2, of the General Corporation Law (Cons. Laws, ch. 23).

" 1. To compel the defendants to account for their official conduct, including any neglect of or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge.

" 2. To compel them to pay to the corporation, or to its creditors, any money and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or other violation of their duties."

Without considering whether an order punishing for contempt may ever properly be made in such an action, we must take heed that the question whether this order was properly made was before the Appellate Division and the order below reversed on the law and the facts. The order was a discretionary one.

Where, on a reversal by the Appellate Division, final judgment or a final order is rendered upon new findings of fact, and the appeal is properly before us, we may examine the facts and determine for ourselves what a sound discretion requires. On such an examination we find that Puritz refused to pay to the receiver of Hirsch-Lasky Corporation $8,000, which he had misappropriated. For all that appears, the money could be collected by execution. It was not ear-marked as a specific or particular fund directed or required to be paid over. Even if the court had the power to grant an order in contempt proceedings, it was not legally bound to do so. The appellant was not as a matter of law entitled to an order committing respondent for contempt. (*Public Nat. Bank* v. *City Nat. Bank*, 261 N. Y. 316, 322.)

The question certified is not a question of law (Const. art. VI, § 7, subd. 4), but one of discretion only, and the appeal should be dismissed, with costs.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Appeal dismissed.