JENNIE MAIDA, Respondent, v. ISIDORE MAIDA, Appellant.— Order denying motion to vacate order of arrest affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

GEORGE C. MANNING, JR., as Receiver of the Property of HARRY DRAPKIN, Judgment Debtor, Respondent, v. ANNIE DRAPKIN, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and motion to punish defendant for contempt denied, with ten dollars costs. In our opinion, the plaintiff in this action, as receiver in supplementary proceedings of a judgment debtor, is not an officer of the court within the meaning of section 505, subdivision 4, of the Civil Practice Act. (General Electric Co. v. Sire, 88 App. Div. 498; Cowen v. Gruber, 176 id. 905; Matter of Hess, 48 Hun, 586.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. (See ante, p. 778.)

STANLEY MASSIAH, an Infant, by GEORGE MASSIAH, His Guardian ad Litem, Appellant, v. FREDERICK SIMON and Another, Respondents.— Judgment dismissing the complaint at the close of plaintiff's case reversed on the law and a new trial granted, costs to abide the event. The landlord was on notice that the glass was cracked and that it constituted a hazard. The evidence as to the cracked and loosened condition of the pane of glass was sufficient to justify the submission to the jury of the question of the cause of the child's injury. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

ANNA MATCH, Respondent, v. SAMUEL MATCH, Appellant. (Appeal No. 1.) — Order modified by reducing the amount of alimony to $250 a month and the counsel fee to $1,500 and as so modified affirmed, without costs. It appears that the plaintiff is to some extent able to take care of herself during the pendency of the action and is in possession of certain securities and funds, which precludes a finding of necessity for an allowance of either a counsel fee or alimony in the amount granted at Special Term. (Rofrano v. Rofrano, 234 App. Div. 724.) The amount of the counsel fee here allowed includes disbursements necessary to protect the wife's interests and is fixed on condition that the husband stipulate that the testimony before the official referee in respect of his assets, adduced in the interests of the wife, be read into the trial of this action in lieu of producing the witnesses heard by the official referee. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.