RUDOLPH MARTINI, JR., Respondent, v. BENDIX AVIATION CORPORATION and BENDIX BRAKE COMPANY, Appellants.— Order denying defendants' motion to vacate and set aside summonses purported to have been served upon them reversed on the law and the facts, without costs, and the matter remitted to the Special Term to take proof and determine whether the defendants were properly served with said summonses.   Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur.

ADELE McCABE, as Administratrix, etc., of FRANK V. McCABE, Deceased, Appellant, v. RICHELL REALTY CORP., MARY LINK and FRANK LINK, Respondents. — Appeal from a judgment dismissing the plaintiff's complaint at the close of plaintiff's case.   The action charges negligence resulting in the death of plaintiff's husband, who was found unconscious at the foot of a stairway in a business building.   Judgment reversed on the law and a new trial granted, costs to appellant to abide the event, upon the ground that there are facts from which the jury might have inferred that the defendants were guilty of negligence in failing to afford reasonable protection to decedent as he descended the stairway.   Lazansky, P. J., Young, Hagarty and Johnston, JJ., concur; Adel, J., dissents and votes to affirm.

ISAAC MENDELSOHN, Respondent, v. JOSEPH ROSENBERG, Appellant, and Others, Defendants.— Defendant, Joseph Rosenberg, appeals from an order finding him in contempt of court, fining him the sum of $3,050, with interest, making a total of $3,807, and directing that he may purge himself of contempt by paying to the receiver in the action the said amount within ten days, to be applied in favor of plaintiff and six other defendants named in the order.   The judgment herein states that the sum of $8,917.28 was received by appellant from a life insurance company as proceeds of two life insurance policies on the life of Samuel Richardson, deceased, in trust for the use and benefit of plaintiff and all the defendants except appellant.   The appellant was directed by said judgment to pay to the receiver in the action the sum of $3,050 (the amount of the claims of plaintiff and said defendants to said fund), with interest, together with costs.   Appellant failed to make the payments.   He has been punished for contempt for such failure. While the receiver in the action may not be an officer of the court as provided in section 505 of the Civil Practice Act, yet, since it appears that the moneys appellant had in hand were a trust fund " ear-marked as a specific or particular fund directed or required to be paid over " ( Nelson v. Hirsch, 264 N. Y. 316), the court had discretionary power, at least, to punish for contempt.   The facts fully justified the exercise of the discretion.   Order affirmed, with ten dollars costs and disbursements.   Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.