ANDREA POLO, Plaintiff, *v.* ABE STERN, BESSIE STERN and ISRAEL STERN, Defendants.*

Supreme Court, Kings County, August 6, 1936.

*Modfd. and affd., 249 App. Div. 638.

*Wolfson & Sand* [*Joseph H. Sand* of counsel], for the plaintiff and receiver.

*Joseph Gans* and *Samuel Schachter*, for the defendants.

LOCKWOOD, J. To detail the efforts of the judgment creditor to collect his judgment would require an extended opinion and merely indicate that every step known to prevent the collection of a judgment has been practiced here by the defendants. Various applications made by these defendants have been heard by Mr. Justice BRENNAN, Mr. Justice FURMAN, Mr. Justice MACCRATE, Mr. Justice HUMPHREY, and the trial was had before Mr. Justice CROPSEY. The defendants have been unable to convince any of the justices before whom these numerous applications were pending as they are unable to convince the undersigned justice that there is any merit in their contention.

Plaintiff has obtained a judgment after trial, at which a judgment was made, decreeing the transfers made by the defendants to be fraudulent, adjudging the assignment of lease and mortgage as fraudulent, and decreeing that Bessie Stern and Israel Stern received moneys and property " upon secret trust, as trustee for the defendant Abe Stern, and that said payments are applicable to the payment of plaintiff's judgment." The judgment also appointed a receiver of the moneys heretofore collected, and directed and decreed that the defendants turn over to the receiver the sum of $2,498.07 and that they execute an assignment of a half interest in the chattel mortgage and the sublease, and the promissory notes referred to therein. After the entry of judgment the defendants disappeared. A notice of appeal was served. A notice was served on the attorney for the defendant Israel Stern requesting his address, which was finally obtained. An employee for the attorney Israel Stern filed a notice of appeal for Bessie, his sister-in-law. No undertaking was filed by either of the defendants. To obtain her address, a notice was served on her attorney with which he failed to comply. The defendants then endeavored to obtain an extension of time to perfect their appeal. Motions to resettle the case were denied. A motion for a new trial was denied. A motion was thereupon made to punish Israel Stern for contempt of court. The wife could not be found. At the hearing before Mr. Justice BRENNAN, who heard the application, a brother of the defendant, Bessie Stern, was called as a witness in an effort to obtain the address of the sister, and the following observation was made by the court: " The Court: All right. Of course he knows where his sister is living. There is no doubt about it at all, even if he solemnly swears he doesn't."

On the application to punish the defendants, Mr. Justice BRENNAN denied the motion as to Bessie Stern without prejudice because she had not been served. As to the defendant Israel Stern, the motion was granted unless he execute assignments and also that he deliver a statement with respect to each note. The motion, however, to impose a fine was denied upon the ground that the plaintiff's remedy was by execution. (Citing Civ. Prac. Act, §§ 505, 1520; *Nelson* v. *Hirsch*, 240 App. Div. 983.) From said determination a notice of appeal was filed.

On an application for a stay made to the presiding justice, such application was granted upon condition that the defendant Israel Stern deposit an assignment of the chattel mortgage. This paper was deposited in a sealed envelope, access to which was not obtained until after argument of the motion in the Appellate Division. The assignment was examined thereafter and disclosed a statement therein that the notes were not in the hands of Israel Stern. The plaintiff alleges that for the first time it was claimed that the notes are no longer in the hands of the defendants, but were transferred to a third person. The Appellate Division granted a stay on condition that the bond of a corporate surety be filed. Instead of complying with this direction, an undertaking with personal sureties was filed. Israel Stern failed to comply with Judge BRENNAN's order directing a sworn statement with respect to who the holders of the notes are. The notes have never been turned over. A motion was then made by the plaintiff and the receiver to stay the attorneys from proceeding until the address of Bessie Stern and Abe Stern was furnished. This motion was granted. Thereafter, and within the past few weeks, the whereabouts of Bessie Stern were discovered, and the order to show cause now before the court was served on her.

The plaintiff and the receiver move to punish Bessie Stern for contempt for failing to comply with the judgment in this action. The motion will be granted in all respects. The court regrets that it cannot follow the reasoning of Mr. Justice BRENNAN. The case of *Nelson* v. *Hirsch*, cited in that opinion, was considered by our Appellate Division in the case of *Mendelsohn* v. *Rosenberg* (248 App. Div. 743), and in the memorandum opinion of the court the following is said:

" While the receiver in the action may not be an officer of the court, as provided in section 505 of the Civil Practice Act, yet since it appears that the moneys appellant had in hand were a trust fund ' earmarked as a specific or particular fund directed or required to be paid over ' (*Nelson* v. *Hadley*, 264 N. Y. 316), the court had discretionary power, at least, to punish for contempt. The facts fully justified the exercise of the discretion."

The court is also of the opinion that the receiver herein is an officer of the court within the meaning of section 505 of the Civil Practice Act. (*Gildersleeve* v. *Lester*, 68 Hun, 532; affd., 139 N. Y. 608; *Mendelsohn* v. *Rosenberg*, Special Term, Part I, CONWAY, J., N. Y. L. J. Feb. 18, 1936, p. 871.) The trial court's finding that the moneys were received in trust is conclusive upon this court. Opposing this application, Bessie Stern states that she is without funds, and, referring to the promissory notes, states as follows: " The judgment also requires me to deliver the promissory notes, but I have not any of the notes and did not have any of them at the time of the trial. The notes were distributed among the creditors to pay for the debts which the partnership owed to the partnership creditors. These notes were distributed before the end of the trial."

No attempt has been made to detail when the notes were given, to whom they were given, and which notes were given. The court refuses to give any credence to this statement. The defense of inability to comply with the judgment is unavailable. (*Matter of Marlee, Inc.*, v. *Bittar*, 231 App. Div. 115; modfd., 257 N. Y. 240; *Matter of Wax*, 149 Misc. 851.)

The defendant, therefore, is directed to turn over to the receiver the sum of $2,498.07 within ten days and also deliver to the receiver all promissory notes as well as a proper assignment of chattel mortgage and notes in the form submitted to this court with the defendant's brief. If the defendant still claims that the notes are not in her possession, she shall state under oath the date when each of the notes were given, the place where given, to whom given, the consideration for their being given, in which event the defendant will be directed to pay to the receiver and the plaintiff the amount of the notes as they mature. If the plaintiff desires to have the defendant's testimony taken before a referee instead of accepting her affidavit, such provision can be made in the order to be submitted, which shall be settled on notice.