## KEESING v. WISHNEFSKY et al.

District Court, S. D. New York.

Nov. 9, 1943.

Louis S. Midler and Jules Jacobs, both of New York City, for plaintiff.

Borowsky & Burrows, of New York City, for defendant Bella Solomon.

RIFKIND, District Judge.

Plaintiff is the trustee in bankruptcy of Propper Bakery, Inc. In his capacity as trustee, he successfully prosecuted an action under Section 15 of the New York Stock Corporation Law, Consol.Laws, c. 59, in this court, which resulted in a judgment in his favor against Sam Solomon and Bella Solomon for $10,000 and costs. The judgment further provided that "Sam Solomon and Bella Solomon be and they hereby are directed to pay said amount to plaintiff, as Trustee in bankruptcy of Propper Bakery, Inc."; that upon default in payment, plaintiff have body execution; and that plaintiff might apply for further relief for the enforcement of the judgment. The judgment was founded upon findings of fact and conclusions of law that the Solomons had

fraudulently transferred and concealed property of the bankrupt and had violated Section 15 of the New York Stock Corporation Law, and that, by reason of their conduct, the bankrupt had sustained damages of $10,000.

The judgment-debtors having defaulted, plaintiff, upon the petition of his attorney, moves for an order adjudging them in contempt and punishing them accordingly. Only Bella Solomon has been served.

Both sides have founded their arguments on the assumption that the application is governed by New York law, by reason of the conformity provision of Rule 69(a), F.R.C.P., 28 U.S.C.A. following section 723c, and I shall consider the application on that premise. See 3 Moore's Federal Practice, p. 3370.

The governing statutes are Sections 504 and 505 of the New York Civil Practice Act. The pertinent portions read as follows:

"§ 504. Enforcement of judgment by execution. In either of the following cases a final judgment may be enforced by execution: 1. Where it is for a sum of money in favor of either party; or directs the payment of a sum of money. * * *

"§ 505. Enforcement of judgment without execution. In either of the following cases a judgment may be enforced by serving a certified copy thereof upon the party against whom it is rendered, or the officer or person who is required thereby or by law to obey it; and, if he refuses or wilfully neglects to obey it, by punishing him for a contempt of the court:

* * * * *

"4. Where the judgment requires the payment of money into court, or to an officer of the court; except where the money is due upon a contract, express or implied, or as damages for non-performance of a contract. In a case specified in this subdivision, if the judgment is final, it may be enforced, as prescribed in this section, either simultaneously with, or before, or after the issuing of an execution thereupon, as the court directs."

Whether this judgment is enforcible by contempt depends upon the meaning of the phrase "officer of the court". Is the plaintiff an officer of the court within the meaning of this statute? The question is not free from doubt.

One of the earliest cases construing this language is Gildersleeve v. Lester, 1893, 68 Hun. 535, 22 N.Y.S. 1028, 1030, affirmed on opinion below, 139 N.Y. 608, 35 N.E. 203. There it was held that a judgment in an action for an accounting, which directed the payment of money to a receiver appointed in the judgment, was enforcible by contempt proceedings. Whether such a receiver is an officer of the court, the court said, "needs no further discussion but a statement of our conclusion that such a receiver is clearly an officer of the court, within the meaning of that section." See Harris v. Elliott, 1900, 163 N.Y. 269, 274, 57 N.E. 406.

Such a receiver was sharply distinguished in General Electric Company v. Sire, First Dept. 1903, 88 App.Div. 498, 85 N.Y.S. 141, from one appointed in a sequestration proceeding to hold the property of a corporation for the benefit of its creditors. There the judgment sought to be enforced by contempt proceedings directed the payment of money to a receiver, who had been so appointed, and he was held not to be an officer of the court within the meaning of the section. "While it may be said that this receiver is an officer of the court while engaged in collecting the assets of the corporation, this money is not recoverable by him as an officer of the court, merely, but as the owner of the property of the corporation, which vested in him by virtue of his appointment as receiver." Ibid., 88 App. Div. 501, 85 N.Y.S. 144.

In Cowen v. Gruber, 1917, 176 App.Div. 905, 162 N.Y.S. 1053, the First Department affirmed without opinion the order below (162 N.Y.S. 1053), which refused to enforce by contempt a judgment directing the payment of money to the plaintiff, who was a bankruptcy trustee. Not much light is thrown on the question by Nelson v. Hirsch, Second Dept. 1933, 240 App.Div. 983, 268 N.Y.S. 225, appeal dismissed 264 N.Y. 316, 190 N.E. 653. From the memorandum opinion of the Appellate Division and the opinion of the Court of Appeals, it appears that the trial court adjudged a judgment-debtor in contempt for failure to comply with a judgment directing the payment of money to the receiver of a corporation, whose funds the judgment-debtor had misappropriated. The Appellate Division held the judgment not enforcible by contempt proceedings; the Court of Appeals refused to pass on the question, holding that, in any event, the court was not bound to grant the order.

Such was the state of the law when the Circuit Court of Appeals of this Circuit wrote In re Schoenberg, 2 Cir., 1934, 70 F. 2d 321, 323. See, Mendelsohn v. Rosenberg, Second Dept. 1936, 248 App.Div. 743, 288 N.Y.S. 792; Polo v. Stern, 1936, 161 Misc. 264, 291 N.Y.S. 907, affirmed as to the contempt order 249 App.Div. 638, 291 N.Y.S. 911.

A different view of the law was taken in Potter v. Emerson-Steuben Corporation, 1937, 162 Misc. 392, 294 N.Y.S. 970. In that case, a judgment which directed payment of money to a sequestration receiver of a corporation, appointed in another action, was held enforcible by contempt, and the receiver was held to be an officer of the court within the meaning of the statute. The opinion cited General Electric Company v. Sire, supra, and said that it was distinguishable; but I can find no basis for the distinction drawn, except that the receiver in the General Electric case was not appointed originally for the benefit of all creditors. The Appellate Division affirmed, 251 App.Div. 841, 296 N.Y.S. 684. In its memorandum opinion it cited Gildersleeve v. Lester, supra, but not the General Electric case. The Potter case was followed in Victor v. Turetz, 1942, 178 Misc. 985, 36 N.Y.S.2d 970.

The ascertainment of the state law which a federal court must apply is governed by the rigid formula which the Supreme Court has imposed. See United States v. Curtiss Aeroplane Company, D.C. 1941, 50 F.Supp. 477, 480.

From the cited cases it appears that a bankruptcy trustee is not an officer of the court within the meaning of Section 505 of the New York Civil Practice Act, Cowen v. Gruber, supra. Such a rule is consistent with the doctrine of General Electric Company v. Sire, but if the Potter case correctly represents the New York law then the rule is cast in doubt, since it is difficult to see a logical basis for distinguishing a bankruptcy trustee from a sequestration receiver.

Since the right to have the judgment enforced by contempt is, to say the least, doubtful, and since the petition alleges no facts of contumacy other than non-payment to support the request for this extraordinary relief, I have concluded to deny the motion. See Nelson v. Hirsch, 1934, 264 N.Y. 316, 318, 190 N.E. 653.

Motion denied.