## KEESING v. SOLOMON.

### No. 328.

Circuit Court of Appeals, Second Circuit.

May 19, 1944.

Isador Goetz, Louis S. Midler, and Jules Jacobs, all of New York City, for appellant.

Benjamin Burrows and Borowsky & Burrows, all of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

We do not find it necessary to decide whether a trustee in bankruptcy is "an officer of the court" within § 505(4) of the Civil Practice Act of New York. The Appellate Division for the First Department flatly held that he was not in Cowen v. Gruber, 176 App.Div. 905, 162 N.Y.S. 1053, following the reasoning in its earlier decision in General Electric Company v. Sire, 88 App.Div. 498, 85 N.Y.S. 141; and it may be regarded as an open question whether the decisions of the Second Department in Mendelsohn v. Rosenberg, 248 App.Div. 743, 288 N.Y.S. 792, and Polo v. Stern, 249 App.Div. 638, 291 N.Y.S. 911, would force us to follow Gildersleeve v. Lester, 68 Hun 532, 535, 22 N.Y.S. 1026, affirmed on opinion below in 139 N.Y. 608, 35 N.E. 203, if we were faced with a decision. Victor v. Turetz, 266 App.Div. 311, 42 N.Y. S.2d 33 does not touch the point. We may avoid decision because the Court of Appeals expressly ruled in Nelson v. Hirsch, 264 N.Y. 316, 190 N.E. 653, that such an order lay in any event within the discretion of the court of first instance; and, assuming, as we do, that rule 69(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, carries over this part of the state practice, the order was of course within the discretion of that court. The judge appears to have exercised such a discretion in the case at bar, for he concluded his opinion as follows: "Since the right to have the judgment enforced by contempt is, to say the least, doubtful, and since the petition alleges no facts of contumacy other than non-payment to support the request for this extraordinary relief I have concluded to deny the motion (see Nelson v. Hirsch, 1934, 264 N.Y. 316, 318, 190 N.E. 653)." Keesing v. Wishnefsky, D.C., 52 F.Supp. 625, 627. The citation of Nelson v. Hirsch could have been for no other purpose than to show that the denial was an exercise of discretion.

Order affirmed.