MARLEE, INC., Respondent, *v.* THORIA BITTAR, Appellant.

Second Department, December 19, 1930.

*Herman Kahn*, for the motion.

*Alfred B. Nathan* [*Benjamin Lifshitz* with him on the brief], opposed.

PER CURIAM.· This action was brought for the foreclosure of a purchase-money mortgage made by defendant, Thoria Bittar, to the plaintiff, Marlee, Inc. The foreclosure was based upon a default in the payment of an installment of principal with interest, for which the plaintiff elected to declare the whole principal due. The answer denied the default, and set up a counterclaim alleging the purchase of the property by the defendant upon certain representations made by the plaintiff which were false and untrue, and asking for a rescission of the purchase, a cancellation of the purchase-money bond and mortgage sought to be foreclosed, and for the repayment to the defendant by plaintiff of a sum of money in excess of amounts paid and expended by defendant over and above rents collected from the property. Upon the trial of the foreclosure action, judgment of foreclosure and sale of the property was directed, and defendant's counterclaim was dismissed. The defendant appealed, and we reversed the judgment (227 App. Div. 608). The judgment entered upon our reversal awarded defendant a lien upon the property in the sum of $4,097.39, with the right to sell the property to satisfy such judgment. The plaintiff appealed to the Court of Appeals from our judgment of reversal and that court affirmed the judgment (253 N. Y. 551). A sale took place under defendant's judgment by·a referee named in the judgment and the property was bid in by the defendant.

Upon the sale under plaintiff's foreclosure, the property was bid in by the plaintiff, the bid being immediately assigned to its presi-

dent who, in turn, assigned the bid to the Parade Holding Corporation, receiving $6,071.55 for the property.

Kepple, as president of the plaintiff corporation, admits the receipt of the moneys paid by the Parade Holding Corporation upon the assignment of the bid to that corporation. He claims that he used practically all of this $6,071.55 in the discharge of the obligations of his corporation which had matured prior to the judgment of foreclosure and sale in the action brought by his corporation. But this, according to his own showing, was nothing more or less than the retention by him of alleged advances theretofore made by him in the discharge of the corporate obligations, and, therefore, in legal effect, he still holds the money. We are of opinion that this money is held by him as trustee for the defendant, Thoria Bittar, who, by our judgment of reversal in the foreclosure action, was awarded a recovery in the sum of $4,079.39 and an impressment of a lien therefor upon the property. Her foreclosure sale has resulted in a nullity by reason of the conclusion reached in the action brought by the Parade Holding Corporation against her that said corporation possessed a good, valid and superior title to the property. The defendant Bittar's present motion seeks a restitution of the moneys received by Kepple from the Parade Holding Corporation upon the assignment of the bid. The Civil Practice Act (§ 587) provides that when property has been sold the court may compel the purchase price to be restored. Determining, as we do, that Kepple holds this money in trust for the moving party, we think justice requires that he pay it over to her to the extent of her lien, with interest thereon from the date of its receipt by Kepple. The corporation, through Kepple, was placed upon notice by the appeal of Bittar that a reversal, which actually followed, might ensue. Other provisions of section 587 (*supra*) apply to this situation, this section also providing that when a final judgment is reversed upon appeal, the appellate court may make or compel restitution of property or of a right lost by means of the erroneous judgment, but not so as to affect the title of a purchaser in good faith and for value. While this eliminates any liability of the Parade Holding Corporation to the defendant Bittar, it attaches to the money obtained by Kepple for his corporation from the Parade Holding Corporation. (See the principles of restitution discussed in *Haebler* v. *Myers*, 132 N. Y. 363, 366, *et seq.*)

The motion is granted.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and TOMPKINS, JJ.

Motion to compel payment of proceeds of sale of property upon foreclosure granted. Settle order on notice.