In the Matter of the Judicial Settlement of the Account of Proceedings of Mary A. Mangan, Administratrix, etc., of Thomas J. O'Shaughnessy (Also Known as Thomas Joseph O'Shaughnessy), Deceased. William C. McClelland, Claimant, Appellant; Mary A. Mangan, Administratrix, etc., of Thomas J. O'Shaughnessy (Also Known as Thomas Joseph O'Shaughnessy), Deceased, and Charles W. Froessel, Special Guardian for Francis M. O'Shaughnessy and Helen O'Shaughnessy, Infants, etc., Respondents.— Decree of the Surrogate's Court of Queens county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

Charles Longo and Patrick Longo, Copartners, Doing Business under the Firm Name and Style of Longo Brothers, Respondents, v. Halton Amiesite Co., Inc., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

Early Mitchell, Respondent, v. Brooklyn Construction Co., Inc., Appellant, and Others, Defendants.*— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

Hyman Nelson, Respondent, v. Benjamin Hirsch and Others, Defendants, and Benjamin Puritz, Appellant. (Consolidated Appeals.)†— Order entered October 5, 1933, adjudging defendant Puritz in contempt for failure to comply with final judgment directing the payment of $8,000, reversed on the law and the facts, without costs, and the motion denied, without costs. The provision in the judgment sought to be enforced as for a contempt is enforcible by issuance of execution. It is not enforcible by proceedings in contempt. Whether or not it is enforcible by execution against the person may not be determined on this record. (S. & N. Trading Corp. v. Amazon Building Corp., 236 App. Div. 739; Wagenheim v. Ocean Parkway Properties, Inc., 235 id. 642.) Appeal from order entered October 2, 1933, denying application to vacate interlocutory judgment and proceedings had thereunder, dismissed, without costs. Whether or not the judgment accords broader relief than that to which the plaintiff is entitled, and is, therefore, irregular, may not be determined in this proceeding on the present record, since it does not adequately appear what the proceedings were upon which the interlocutory judgment was had and what the findings of fact were upon which the interlocutory judgment or the final judgment was entered. The question argued could only be determined, if at all, upon a motion to open defendants' default, in view of the defendants having received notice of the hearing before the official referee pursuant to the interlocutory judgment, and in view of the complaint having been filed previously as part of the judgment roll, thereby affording defendants an opportunity to know the extent of the relief that was being sought by plaintiff, and with which knowledge they defaulted. This observation is not to be construed as an intimation that such a motion should or should not be granted in order that an inquiry of the character indicated may be had. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.