In the Matter of the Claim of MORSE DUSENBERY, Appellant, against ELLA P. BRAGG and Another, as Executrices and Trustees, etc., of HARRIET A. ROGERS, Deceased, Respondents.*

Fourth Department, June 27, 1934.

*M. J. Whedon,* for the appellant.

*Signor, Reed & Signor* [*Charles G. Signor* of counsel], for the respondents.

CROSBY, J. From the pleadings in this proceeding it appears that there is no dispute as to the facts.

The testatrix, Harriet A. Rogers, gave a mortgage upon a parcel of real estate in 1910. In 1917 she made a will making Ella P. Bragg and Florence H. Jackson her executrices, as well as legatees. Each of the executrices received over $4,000 as legatee upon the distribution of the estate. The will was probated in 1919. The will is not printed in the record and we do not know to whom the mortgaged real estate was bequeathed, nor what, if any, power

---

* Affg. 142 Misc. 572.

was given the executrices over its disposition. But it does appear that the executrices paid the interest on the mortgage until 1921, and that they then sold and conveyed the real estate, whether as devisees or heirs or as executrices under a power of sale we do not know from this record, and it does not matter. The only point about it is that they sold subject to the mortgage. So it must be conceded that the executrices had knowledge of the mortgage. Twelve days after conveying the mortgaged real estate the executrices presented to the surrogate their account for final settlement. In the settlement proceeding no citation was issued to, or served upon, the claimant, Dusenbery. Indeed there was no reason for serving upon Dusenbery, for he never acquired the mortgage until July 18, 1923, two years after the estate was settled and the executrices were discharged. He was not even a prospective claimant at that time. Before applying to the surrogate for a settlement of their accounts, the executrices had duly advertised for claims pursuant to section 207 of the Surrogate's Court Act.

The claimant, Dusenbery, acquired the mortgage by assignment in 1923, two years after the executrices were discharged, and never foreclosed it for over eight years. In the foreclosure action he made the executrices, as such, parties defendant, and secured a deficiency judgment against them for $2,621.17.

His petition in this proceeding prays: (1) That the executrices be reinstated and then directed " to pay from said estate * * * the amount of said deficiency judgment." (2) " In the event that they have not sufficient funds in their hands as such executrices * * * (to pay the judgment) that they obtain the same from the persons to whom they have paid * * * bequests," etc., and then pay the claimant. (3) That the accounts of the executrices be surcharged with the amount of claimant's judgment.

The statute has given claimant a simple and direct method of pursuing assets of an estate into the hands of distributees. (Dec. Est. Law, § 170; *Brooklyn Savings Bank* v. *Wechsler Estate*, 259 N. Y. 9. See, also, *Colgan* v. *Dunne*, 50 Hun, 443.)

In this proceeding claimant is seeking a roundabout way of doing what can be done more directly. And besides he has not laid the proper foundation for this proceeding. His complaint is that the executrices, knowing of the mortgage, settled the estate without citing him. Why should they cite him? He did not even own the mortgage at that time, and he nowhere alleges that they did not cite the then owner of the mortgage.

But for the sake of the argument, we will assume that the executrices did not cite the then owners of the mortgage, knowing

of the mortgage. And let us admit that publishing for claims against creditors generally does not protect executors against claims of which they have knowledge. (*Matter of Gill*, 199 N. Y. 155.) A mortgage is not a claim against the executors, and is not a claim against the personal estate in their hands. (Real Prop. Law, § 250.) Had the executrices paid this mortgage out of the funds in their hands the surrogate would have surcharged their account with the amount so paid. A real estate mortgage is not a charge against the personal estate in the hands of executors which they are bound to recognize as a claim. The recent amendment to section 207 of the Surrogate's Court Act█ was passed too late to affect this case.

We are not, at present, suggesting that, in a proper proceeding to follow assets of the estate into the hands of legatees, a defense could be based on the inequity occasioned by the long delay in foreclosing claimant's mortgage. For the present we will assume that that defense should have been made in the foreclosure action. (*Glacius* v. *Fogel*, 88 N. Y. 434.)

Nor do we assert, in deciding this appeal, that there was any impropriety in claimant's making the executrices parties defendant in the foreclosure action, and securing a deficiency judgment against them as executrices. All this he had a right to do as a basis for future proceedings. (*Mayor* v. *Gorman*, 26 App. Div. 191.)

But claimant's remedy would appear to be provided for in section 170 of the Decedent Estate Law, rather than in a proceeding against executrices who have paid out all the money of the estate pursuant to a decree of the surrogate, after advertising for claims, and without any knowledge of any claim, but only a mortgage which section 250 of the Real Property Law forbade them to pay even had they desired to do so. This is especially true under a petition the only complaint in which is that there was a failure to cite the claimant who at that time was not even a prospective or contingent claimant, having acquired his mortgage long afterward.

The decree dismissing claimant's petition should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Decree affirmed, with costs.