In the Matter of the Estate of Jonathan T. Gardiner, Deceased.

Surrogate's Court, Suffolk County, February 8, 1935.

*Harry G. Stephens*, for the petitioner. ·

*Emmet, Marvin & Martin*, for the respondent.

*Valentine C. Putz*, special guardian for Frances Delaney Gardiner, infant.

PELLETREAU, S. This is an application by Lion Gardiner for a construction of the will of Jonathan T. Gardiner, deceased.

On April 1, 1927, the petitioner sold Gardiner's island to the decedent, Jonathan T. Gardiner, subject to the right, retained by the petitioner in the deed, to lease the said Gardiner's island and collect the rentals therefrom during the petitioner's lifetime. The petitioner in effect retained a life estate in Gardiner's island. The interest of the decedent was, and the interest *of his devisee is, practically a remainder interest* which will not vest in possession or enjoyment until the death of the petitioner, Lion Gardiner. On the sale Lion Gardiner received from the decedent in partial payment of the purchase-price a purchase-money bond and mortgage for $345,000, which is still held and owned by the petitioner.

Jonathan T. Gardiner died on August 6, 1933, leaving a last will and testament which was admitted to probate in this court on September 30, 1933. In and by said will the decedent provided as follows:

*First.* Directed the payment of his debts and funeral expenses.

*Second.* Established a trust consisting of his Main street house at East Hampton, Long Island, and the sum of $20,000 in cash for his grandniece Frances Delaney Gardiner.

*Third.* Established a trust fund of $40,000 in cash for his grandniece Isabel Gardiner.

*Fourth.* Gave, devised and bequeathed all his residuary estate to Bank of New York and Trust Company, as trustee for Winthrop Gardiner, Jr., and remaindermen.

There is no mention of the petitioner, Lion Gardiner, in the will, nor is Gardiner's island specifically mentioned. Title to the decedent's interest in Gardiner's island is vested under the devise in the will in the trustee of the residuary estate as is the title to numerous other parcels of real property owned by the decedent at his death.

A creditor cannot bring this proceeding.

Section 145 of Surrogate's Court Act provides:

" § 145. Construction of will and effect of decree. An executor, administrator with the will annexed, testamentary trustee, or any person interested in obtaining a determination as to the validity, construction or effect of any disposition of property contained in a will, may, either at the time of or prior to the filing of a petition

for a judicial settlement of an account of the executor or administrator with the will annexed, present to the surrogate's court in which such will was probated, a petition."

Section 314 of Surrogate's Court Act provides:

"§ 314. Definition of expressions used in this act. * * * 10. The expression, ' persons interested,' where it is used in connection with an estate or fund, includes every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor."

The petitioner is not beneficially interested in the decedent's estate. He holds a purchase-money bond which was made and delivered to him by the decedent secured by a purchase-money mortgage on the devised real property known as Gardiner's island. His rights are clear. He has a contingent and unliquidated claim arising out of the purchase-money bond, but he cannot collect from the executor until he liquidates his claim by foreclosing the mortgage on Gardiner's island and obtains a deficiency judgment. He must first resort to the real property because section 250 of the Real Property Law provides as follows: " Where real property, subject to a mortgage executed by any ancestor or testator, descends to an heir, or passes to a devisee, such heir or devisee must satisfy and discharge the mortgage out of his own property, without resorting to the executor * * * unless there be an express direction in the will of such testator, that such mortgage be otherwise paid."

The language of the will is clear. There is no ambiguity about it. The application is denied.