In the Matter of the Estate of PATRICK J. CRONIN, Deceased.

Surrogate's Court, New York County, February 19, 1937.

*Klein, Kinsley & Klein* [*Peter Klein* of counsel], for the petitioner Harry Metzler, as executor, etc., of Mamie Metzler Brown, deceased.

*Joseph V. Mitchell*, attorney *pro se* and one of the administrators.

*John H. Naylor*, attorney *pro se* and one of the administrators.

*Noah Feldman*, for Samuel M. Katz, one of the administrators.

DELEHANTY, S. Deceased in his lifetime purchased a parcel of real property and as part of the consideration executed and delivered his purchase-money bond and mortgage providing for installment payments of $375 semi-annually on account of principal and for payment of the balance on June 15, 1936. Deceased died in 1932. His administrators entered into possession of the real property, collected the rents, paid the taxes and the interest on the first mortgage, and paid the installments and the interest on the purchase-money mortgage down to and including the installment due on June 15, 1934. They advertised for claims against the estate by notice which required the presentation of claims on or before April 29, 1933. No claim was filed in behalf of the mortgagee nor was any notice given to the representatives of deceased's estate of any purpose to charge the general assets of the deceased with the bond liability until October 31, 1934, when the attorneys for the estate of the mortgagee, who then was deceased, first advanced the idea that the general assets were chargeable.

Meantime, and on October 8, 1934, the accounts of the administrators had been settled by decree and the assets in the estate distributed except for the sum of $817.50, which represented the installment and interest due on June 15, 1934. A check for this amount had been mailed on the due date but payment had been

deferred because no representative of the deceased mortgagee's estate had been appointed due to a contest over her will. The amount was paid as soon as a representative of the mortgagee's estate was capable of receiving it. The decree took into account this sum and distributed the balance to the representatives of the deceased mortgagor.

More than two years after the decree was entered, application is now made to set aside the decree on the ground that the representative of the mortgagee's estate was a necessary party in the accounting proceeding. The purpose of this application is to let in the mortgagee's estate as a claimant against the general assets of deceased and to charge his administrators with the duty to pay the claim, which is asserted to be in excess of $14,000.

After answers were interposed setting up the proceedings in the estate and the distribution of its assets and setting up as well a separate defense that the petitioner here had instituted in the Supreme Court an action in which the heirs at law and next of kin of deceased and his administrators were made parties defendant, the court directed a reply to be interposed to so much of the answers as set up this separate defense. That reply has come in, and it now appears that such an action was instituted, that it sought foreclosure of the mortgaged premises, that it included as defendants the distributees of deceased, and that in the prayer for relief it asked judgment against these distributees for the deficiency, if any, resulting from the mortgage sale. It is quite apparent that petitioner elected to pursue his remedy in a court which has full jurisdiction to give him any relief to which he is entitled. It is equally apparent that he has lost confidence in the remedy which he there sought and, after two years of delay, hopes to procure a greater advantage by coming into this court and attempting to place upon the administrators a personal burden by reopening the decree.

There is no substantial controversy on the facts. Petitioner's claim is that the mortgagee had the status of a claimant against the general assets of the estate, that the administrators were aware of her claim, that they were under the duty to cite her upon their accounting, and that, failing such citation, the account must be reopened and the claim of the mortgagee against the general assets heard. The court assumes that the administrators had knowledge of the existence of the mortgage debt since they paid interest on it and paid off some of the principal. The court assumes, too, that they knew that a balance of the debt remained unpaid. At the date of entry of the decree settling their account the administrators had paid everything actually due under the bond secured by the

mortgage. Indeed, they had paid two installments of principal after the moratorium became effective — payments which they need not have made.

It was not necessary to cite the mortgagee on the account. (*Dusenbery* v. *Bragg*, 241 App. Div. 553.) The court there said: " A mortgage is not a claim against the executors and is not a claim against the personal estate in their hands. (Real Prop. Law, § 250.) Had the executrices paid this mortgage out of the funds in their hands the surrogate would have surcharged their account with the amount so paid. A real estate mortgage is not a charge against the personal estate in the hands of executors which they are bound to recognize as a claim." It was the duty of the mortgagee in the first instance to proceed against the property. (*Matter of Gardiner*, 154 Misc. 413; *Matter of Dell*, Id. 216; *Matter of Rosenbaum*, 157 id. 316.)

In substance, petitioner asserts a right to file a contingent claim against the general assets of deceased. The amendment to section 207 of the Surrogate's Court Act, which permits a reserve for a contingent claim, was introduced into the law in 1921. These provisions are in derogation of the theretofore existing rules for the administration of estates and are to be construed strictly. It has been consistently the attitude of the courts to scrutinize carefully any claim for a reserve and to bar complete distribution only where the need for this suspension of ordinary administration is clearly established. The provisions of section 207 of the Surrogate's Court Act, so far as they permit the filing of a contingent claim, call for affirmative action by the person who seeks the reservation of assets. The rule which charges fiduciaries with the obligation to provide for claims payable in all events from the general estate, even if proof of the claim is not filed (*Matter of Gill*, 199 N. Y. 155), is not applicable to contingent claims. The burden is on such a claimant to take affirmative steps to make known his demand for a reserve. The mortgagee here was fully aware that deceased's estate was under administration, and was in any event bound by the published notice to creditors. Having failed to make affirmative demand before the decree was entered the right to a reserve ended. See a valuable discussion of the whole topic in *Matter of Baldwin* (157 Misc. 538, at p. 545 *et seq.*).

The court concludes that petitioner must fail for cogent reasons. He has resorted to another court which can give him full relief. He has not shown himself to be a person entitled to be heard in this court. He has not shown any infirmity in the decree of this court. Accordingly, his application to open the decree is in all respects denied. Submit, on notice, decree accordingly.