In the Matter of the Estate of JOHN J. McGLONE, Deceased.

Surrogate's Court, Kings County, March 15, 1938.

*Orr & Brennan* [*Philip Zierler* of counsel], for the Irving Trust Company and Thomas F. McGlone, Jr., as executors, etc., petitioners.

*Andrew F. Van Thun, Jr.,* for Helena Day McGlone, surviving spouse.

*George A. Voss,* for Ignatius V. McGlone, beneficiary and as special guardian for Edward and Robert McGlone, infant remaindermen.

WINGATE, S. This submission amounts in effect to a motion for judgment on the pleadings by the executors who have instituted a proceeding under section 145-a of the Surrogate's Court Act for the determination of the validity and effect of a notice of election by a surviving spouse to take in contravention of the terms of the will of the decedent pursuant to the provisions of section 18 of the Decedent Estate Law. The answer consists merely of denials of certain allegations of the petition plus the admission by the widow of " the making " a certain paper the effect of which is the crux of the controversy.

As admitted by failure to deny, the pertinent facts, so far as disclosed, are that the decedent died, a resident of Kings county, on February 22, 1937, leaving him surviving a widow, two brothers, a sister and certain nephews as his sole statutory distributees. A will, dated August 21, 1930, and a codicil executed on July 6, 1934, were admitted to probate in this court on April 8, 1937, and the petitioners are the qualified and acting executors thereunder.

The only provision of the admitted documents which confers a benefit upon the widow reads as follows: " My dear wife, Helena Day McGlone, being in possession of ample funds of her own and having waived all claim of dower or participation in any part of my estate, I nevertheless desire that there shall be paid over to her out of my estate the sum of Two thousand ($2,000.00) Dollars, or, if she should prefer, then at her request instead of the payment of Two Thousand ($2,000.00) Dollars, my executors shall purchase for her and deliver to her any piece of jewelry which she may select costing up to Two Thousand ($2,000.00) Dollars as a slight token of my love and affection for her and admiration of her noble and high traits of character."

The statements of waiver in the will, being unilateral and self-serving, have, of course, no effect whatsoever on the issue of whether or not the widow possesses elective rights. (*Matter of Israel,* 149 Misc. 620, 621.)

The parties intermarried in England on February 4, 1922. It was the third matrimonial experience of the bride, she having

first been married to an individual by the name of Lewis, and secondly to a man named Snyder.

On February 2, 1922, two days before the marriage, the prospective bride and present widow executed a holographic document on a letterhead of the Savoy Hotel of London, reading as follows:

'THE BEVERLEYS,
OSTERLY, MIDDLESEX, ENGLAND
*February* 2, 1922.

" I, Helena Day Snyder, being of sound mind and in possession of all my faculties, on the eve of my marriage to John J. McGlone, in London, England, on February 4th, 1922, wish to record, of my free will, that, as I already possess in my own right, ample of this world's goods in the way of a fortune of my own, as a compliment to my aforesaid husband, and for other good and sufficient reasons, I hereby, voluntarily and irrevocably, renounce all right, title and interest I might legally or otherwise, have in any estate, real or personal, of which my said husband to be, John J. McGlone, might die seized.

" HELENA DAY SNYDER."

Subsequent to the death of the testator and on September 22, 1937, the widow filed with the executors of the will a notice of her election to take in contravention thereof, pursuant to the terms of section 18 of the Decedent Estate Law.

The only additional noteworthy facts are that paragraph " ninth " of the petition in this proceeding alleges the delivery of the foregoing instrument of purported waiver to the decedent, and that at the time of its execution and delivery the widow " had full knowledge of the nature, terms and effect thereof." These allegations are denied in paragraph " two " of the answer.

It is primary that upon a motion like the present, not only are the allegations of the answer to be accepted as true (*Greeff* v. *Equitable Life Assurance Soc.*, 160 N. Y. 19, 29; *Matter of Keeling*, 148 Misc. 798; *Matter of Chinsky*, 159 id. 591, 592; *Matter of Murray*, Id. 865; *Matter of May*, 160 id. 640, 641), but the respondent is further entitled to have those logical inferences which are most favorable to her indulged by the court. (*Matter of Hearn*, 158 Misc. 370, 372; *Matter of Froehlich*, 162 id. 768, 769.)

Applying these principles to the present record, it is apparent that the effect of the answer is precisely the same for present purposes as if it contained affirmative allegations to the effect that the instrument of purported waiver was never delivered by the respondent, and that when she executed it she did not have knowledge of the nature, terms and effect thereof.

Either of these allegations, which must be accepted as true, render the answer invulnerable to a motion for judgment on grounds of legal insufficiency. It requires no citation of precedents to establish the principle that any undelivered instrument is a nullity for any purpose of creating or destroying rights. Furthermore, the principles are well established that any transaction purporting to effect " the surrender and release of rights to be acquired by the intended wife by the marriage relation must be regarded with the most rigid scrutiny " (*Pierce* v. *Pierce*, 71 N. Y. 154, 157), and " that the courts require strict proof of fairness, when called upon to enforce an ante-nuptial contract against the wife, and especially when it is apparent that the provision made for the wife is inequitable, unjust, and unreasonably disproportionate to the means of the husband." (*Pierce* v. *Pierce*, *supra*, p. 158.)

A prospective husband stands in a confidential relationship to the future wife (*Pierce* v. *Pierce*, *supra*, p. 158; *Graham* v. *Graham*, 143 N. Y. 573, 580; *Matter of Scott*, 173 App. Div. 270, 272), and in situations in which an agreement limiting natural participation of the future wife in her husband's estate is interposed as in bar of her claims " every presumption is against the validity of the contract, and the burden of proof is cast upon the husband, or those who represent him, in order to uphold and enforce the same as a valid and subsisting agreement." (*Pierce* v. *Pierce*, *supra*, p. 158.)

This is the identical principle which, on occasion, raises an inference of undue influence in instances where a confidential or fiduciary relationship existed between the testator and a beneficiary under his will (*Matter of Smith*, 95 N. Y. 516, 522) or an alleged donee of his property (*Matter of Donnelly*, 157 Misc. 319, 322).

The mere making of the present agreement, even if it was delivered, which is denied, and were it efficacious for the purpose, upon which question no intimation is made by the court, would be insufficient to warrant a determination that it was effective to bar the statutory rights of the widow in the property of the decedent in the absence of an affirmative demonstration that advantage had not been taken by the decedent of the confidential relations existing between the parties at the time of its execution.

The motion for judgment on the pleadings is accordingly denied, with costs. The issues raised by the answer may be brought on for hearing by any party on usual notice.

Enter order on notice in conformity herewith.