In the Matter of the Estate of SARAH GOLDOWITZ, Deceased.

Surrogate's Court, Kings County, May 11, 1939.

*Joseph M. Lonergan*, for Louis Katz and Stanley Bogart, as executors, etc., petitioners.

*Seymour J. Wilner*, for the objectant.

WINGATE, S. The present submission on the pleadings presents for decision a question of law as to the validity of the reply to the objections interposed to the present account.

This account, together with a petition for its judicial settlement was filed on August 31, 1937. The present objector was not named as a party respondent in the proceeding and did not participate therein. No decree of judicial settlement has ever been entered, but according to the allegations of the reply, which must be accepted as true for present purposes (*Greeff* v. *Equitable Life Assurance Society*, 160 N. Y. 19, 29; *Matter of McGlone*, 166 Misc. 636, 638; affd., 256 App. Div. 1074; *Matter of May*, 160 Misc. 640, 641; affd., 255 App. Div. 31; *Matter of Hearn*, 158 Misc. 370, 372), all of the assets of the estate were, prior to February 1, 1935, paid to creditors and distributees and none now remain in the hands of the executors.

The decedent was the owner of certain real property at Sea Gate upon which the present objector held a mortgage. This property was conveyed to one of the remaindermen in partial distribution of the estate. In 1936 proceedings for foreclosure were instituted which resulted in a sale on June 22, 1938, and the entry of a deficiency judgment on November 29, 1938, in the sum of $6,974.54 in favor of the objector and against the executors in their official capacity.

On March 23, 1939, the objector filed a notice of appearance in the dormant accounting proceeding together with objections to the account, predicated on its recovery of the deficiency judgment.

It is obvious that the executors were aware of the existence of the mortgage since Schedule " A-2 " of their account recites the fact that the real property of the decedent was subject to mortgage although the identity of the mortgagee is nowhere disclosed.

The question is, therefore, presented as to whether an executor is exonerated from the contingent claim of the holder of a mortgage of which he has knowledge, by reason of his informal complete distribution of the assets of the estate in his hands without reservation of any sum in respect of such contingent claim or affording the potential creditor any opportunity to be heard on the subject of the propriety or necessity of setting aside a reserve against the contingency that the possibility of the claim may become an actuality.

Section 208 of the Surrogate's Court Act provides that if a creditor shall fail to present his claim within the period prescribed in a published notice requiring presentation or within seven months from the date of letters, a fiduciary shall not be liable for assets duly distributed prior to the actual presentation of the claim. By quasi judicial legislation an exception has been read into the section, to the effect that the failure to present the claim shall furnish no defense to a fiduciary who possessed actual knowledge thereof. (*Matter of Gill*, 199 N. Y. 155, 157; *Matter of Recknagel*, 148 App. Div. 268, 272; *Matter of Shafran*, 143 Misc. 754, 758; *Matter of Shulz*, 152 id. 601, 602; *Matter of Frommelt*, 154 id. 81, 82.)

It is thus established as the invariable rule as to matured claims, that an executor may not successfully plead as against an unpaid claimant, the disbursement of the funds in his hands, if he possessed either formal or informal knowledge of the claim prior to the time of his disposal of the assets.

The question of whether this rule applies to an unmatured contingent or unliquidated claim, has vexed the courts at periodic intervals since the collapse of real estate values. The enactment in this regard, found in section 207 of the Surrogate's Court Act, fails to furnish a full and satisfactory answer. It is there provided that " Whenever at the death of any person there shall be a contingent or unliquidated claim against his estate, * * * a claimant * * * shall have the right to file with the executor or administrator * * * an affidavit setting forth the facts upon which such contingent or unliquidated liability is based and the probable amount thereof, and there shall be no distribution of the assets of said estate without the reservation of sufficient

moneys to pay such contingent or unliquidated claim when the amount thereof is finally determined."

This court is in agreement with the conclusion of Surrogate DELEHANTY, expressed in *Matter of Quintana* (158 Misc. 701, 702), that this language contemplates the performance of a judicial act in relation to any contingent claim which may chance to be pre-sented, namely, of determining whether or not, and if so, to what extent, a portion of the assets of the estate should be retained in hand until the contingency shall have eventuated.

It cannot, however, concur in the position adopted in *Matter of Cronin* (162 Misc. 370, 373) that it is unnecessary for an executor to cite upon his accounting a contingent claimant of whom he possesses knowledge, nor does *Matter of Dusenbury* v. *Bragg* (241 App. Div. 553), when it is read in its entirety, sustain the point. In that case the claimant had acquired a mortgage two years subsequent to the judicial settlement of the account. The court did, indeed, hold that citation to him was unnecessary but gives as its reason that " He did not even own the mortgage at that time, and he nowhere alleges that they did not cite the then owner of the mort-gage." (*Matter of Dusenbury* v. *Bragg*, 241 App. Div. 553, 554.)

To this court, the preferable view was stated in *Matter of Shafran* (143 Misc. 754, 758): " Whether the claim of a creditor be contingent or absolute, he is entitled to his day in court, on the question of the distribution of the assets of the estate. The mere fact that a claim against an estate is unliquidated, conditional or contingent, does not vary the essential basic fact that it is nevertheless a claim, and that the rights of the individual holding it are those of a creditor in the ordinary sense. These rights the fiduciary can knowingly disregard only at his peril."

Lest it be thought that in adhering to this conception, this court may be obsessed merely by pride of authorship, it may be noted that the Appellate Division for the First Department adopted and quoted the foregoing excerpt in full (*Matter of Riordan*, 251 App. Div. 305, 308), adding thereto the observation: " Otherwise it might result that the estate would be distributed, as it appears to have occurred here, without affording a contingent creditor any opportunity to prove his claim."

This, however, does not necessarily imply that an executor who has distributed the estate assets in his hands without regard to an existing contingent claim must be held liable upon its subsequent materialization. The maximum extent of the rights which a con-tingent creditor possesses at the time of a disbursement of the assets, is to have such reservation, if any, made as may seem reason-ably necessary to satisfy the probable obligation of the estate to

him when the entire situation is viewed as of that time. Like other instances of fiduciary action this may not be determined by " A wisdom developed after an event and having it and its consequences as a source " (*Costello* v. *Costello*, 209 N. Y. 252, 262; *Matter of Clark*, 257 id. 132, 136), if the issue chances to arise at a subsequent date.

The situation is closely analogous to that of a fiduciary who takes it upon himself to make distribution prior to the expiration of the period for presentation of ordinary claims. He assumes the risk that a claim unknown to him will be presented within the statutory time. If one is so presented and is found valid, he will be held personally responsible for its payment. If the contingency does not occur, his act is unexceptionable as proved by the event. (*Matter of Frommelt*, 154 Misc. 81, 82.)

In the case of a contingent claim, the only risk which the executor incurs by distribution without reservation for the contingent possibility, or the obtaining of an adjudication that under the existing facts no reservation is required, is that it may be determined at some future time that the composite situation existing at the time of the distribution was such that a reservation should then have been made.

Clarity of thought in this connection will be promoted by recollection of the fact that section 207 of the Surrogate's Court Act does not accord the contingent creditor a right to any immediate payment whatsoever. All that he may seek is the reservation of that portion of the assets of the estate which are determined to be " sufficient " to satisfy any obligations which may subsequently be found payable by the estate.

It follows, therefore, in the present case, that the mere fact of distribution by the executors furnishes no defense to the claim. If, however, they are able to show that at the time such distribution was made they reasonably considered the value of the mortgaged property amply sufficient to satisfy the mortgage, this would constitute a complete defense. (*Johnson* v. *Corbett*, 11 Paige, 265, 272.) That such was the supposition of the executors in this case is indicated by the fact that the real estate in question is scheduled in the account as possessing an equity of $3,500 above the mortgage.

Conceivably, also, in certain situations, a defense by the executors might be predicated on estoppel or waiver by the mortgagee, if his conduct had led them to believe that he looked solely to the securing realty for the satisfaction of his obligation.

If, by any of these defenses, the mortgagee is denied a surcharge against the fiduciaries, it does not result in foreclosing relief to him since he is at liberty to enforce his claims against those to whom

the assets of the estate have been distributed. (Dec. Est. Law, § 170.)

In this connection a word to the objector in the present proceeding may not be amiss. Its representative stated at the time of the hearing that his primary purpose was not to surcharge the executors but to enforce restitution by the distributees. His only rights in this regard are those accorded by article 7 of the Decedent Estate Law which authorizes the maintenance of " an action " only. " An action " is not maintainable in the Surrogates' Courts. What is contemplated in the enactment is obviously merely an ordinary civil suit in a court of general jurisdiction. The functions of Surrogates' Courts are primarily limited to the appointment of estate fiduciaries, to the marshaling of the assets of decedents and to overseeing their distribution. When these events have occurred, its authority is ordinarily at an end and if a controversy chances to arise subsequently as to the rights of various individuals to property which has passed from the dead to the living, the forum for its determination is properly another tribunal.

This is particularly obvious in a case of the nature of the present. A lien in favor of creditors is substantially impressed upon the distributable assets of the estate. If these are conveyed to legatees, the latter take them *cum onere* and there is no more reason for seeking to enforce such lien in the Surrogate's Court than there would be to take the analogous action in respect of the legal lien of a mortgage subject to which a particular item of property might have been conveyed to a legatee.

As further indicated on the hearing the preference of the objector for this court as a forum for the enforcement of its rights against the distributees is predicated on the erroneous conception that a recovery here granted would be enforcible through the medium of proceedings for contempt. This is not so, since the recovery would not be against persons standing in a fiduciary capacity within the connotation of subdivision 4 of section 84 of the Surrogate's Court Act, and would consequently be enforcible by execution only. (Judiciary Law, § 753, subd. 3; Surr. Ct. Act, §§ 83, 84, subd. 1; § 20, subd. 7; Civ. Prac. Act, §§ 504, 505; *Harris* v. *Elliott,* 163 N. Y. 269, 274; *O'Gara* v. *Kearney,* 77 id. 423, 426; *Myers* v. *Becker,* 95 id. 486, 493; *Marlee, Inc.,* v. *Bittar,* 257 id. 240, 243; *People ex rel. Sarlay* v. *Pope,* 230 App. Div. 649, 650; *S. & N. Trading Corp.* v. *Amazon Building Corp.,* 236 id. 739; *People ex rel. Bellovin* v. *Sheriff of Kings Co.,* 246 id. 623; affd., 270 N. Y. 631 *Nelson* v. *Hirsch,* 240 App. Div. 983; *Wasserman* v. *Lupis,* 223 id. 773; *Walters* v. *Reinhoudt,* 130 Misc. 745, 747.)

; It follows that no relief as against the distributees is procurable in this court. The reply of the executors must be held inadequate and the motion for judgment in respect thereof must be granted. They will, however, be accorded twenty days from the entry and service of the order to be entered hereon to file an amended reply as they may be advised.

Enter order on notice in conformity herewith.