In the Matter of the Estate of ANGELO FRASINETTI, Deceased.*

Surrogate's Court, New York County, June 12, 1940.

*Amend & Amend*, for the petitioner.

*Dominic V. Urgo*, for the executrices.

DELEHANTY, S. When deceased died he owned parcels of real property of which one was unmortgaged and free of lien. His executrices qualified on March 29, 1926. Thereafter they published pursuant to statute a notice requiring presentation of claims against the estate on or before October 23, 1926. In February, 1927, the estate was settled by the interested parties without any court account. A proceeding is now instituted to compel such an account.

Petitioner was the holder of two purchase-money bonds and mortgages executed by deceased. The mortgages were in good standing at the date of deceased's death and at the date of distribution of deceased's property. The record indicates that at the date of death and of distribution the mortgaged realty was ample security for the mortgage debts. Concededly no claim was filed against the

* Affd., 260 App. Div. 997.

estate of deceased in connection with the mortgage debts nor were any affidavits filed with the estate representatives pursuant to the second paragraph of section 207 of the Surrogate's Court Act. Action was first taken by the mortgagee against the estate representatives in March, 1938, when foreclosure actions on each of the mortgages were initiated. These resulted in deficiency judgments rendered on December 27, 1939. In the actions thus instituted by the mortgagee the executrices of deceased were made parties defendant in their representative capacity. Each of them individually also was made a party defendant and individual relief against each of them was sought pursuant to article 7 of the Decedent Estate Law. The actions resulted in judgments against the distributees individually as well as against them in their representative character. The question presented is whether on that state of facts the petitioning mortgagee may obtain an accounting and in that accounting may require a sale to be made for his benefit of the property which at the time of deceased's death was unincumbered.

Concededly the unincumbered parcel was transferred to one of the individual judgment debtors as her share in the estate of deceased. But as a part of the distribution she was required to and did procure a mortgage loan to herself upon the security of the property thus transferred to her and used the proceeds at least in part in making cash adjustments necessary at the time of the estate distribution. This mortgage was procured less than eighteen months after the grant of letters testamentary to the executrices. Petitioner here asserts in substance that since the period during which the creditors of deceased had a statutory lien had not expired at the time the individual beneficiary procured the mortgage loan on the theretofore unmortgaged parcel, the mortgage thereon is subject and subordinate to the rights of petitioner under his judgments. Petitioner asserts that though his application is made more than ten years after the expiration of the eighteen-month period, he is entitled to claim superiority over the rights of the mortgagee of the property unincumbered at deceased's death. Petitioner denies that such mortgagee can claim protection of section 233 of the Surrogate's Court Act as an incumbrancer of the interest of the beneficiary in the property. Petitioner raises no issue as to the actual good faith of the beneficiaries in their distribution of the estate nor any issue as to the good faith of the mortgagee which made the loan to the beneficiary on the theretofore unincumbered property. Petitioner argues, however, that in law such a mortgage is subject to his right since it was executed prior to the expiration of the statutory creditor's lien.

The court holds that petitioner may not now compel an accounting. (*Matter of Brenner*, 171 Misc. 627; affd., 258 App. Div. 717; *Matter of Cronin*, 162 Misc. 370; cited with approval in *Matter of Goldowitz*, 258 App. Div. 62.)

The procurement of the judgments against the executrices as such adds nothing to the position of petitioner. The same judgments were entered against the beneficiaries as individuals and constitute an election of petitioner to pursue his remedy against them as distributees under article 7 of the Decedent Estate Law. Both because of petitioner's failure to file claims or to file affidavits of contingent claims prior to the actual distribution of the estate and because petitioner has elected a remedy inconsistent with his present application, such application is denied.

Submit, on notice, order accordingly.