In the Matter of the Estate of ISAAC LEVITT, Deceased.

Surrogate' Court, Kings County, April 7, 1941.

*Shapiro & Shapiro* [*Sidney Shapiro* of counsel], attorneys *pro se*, petitioners.

*Leo Horowitz*, for Sarah Levitt Kowensky, as administratrix, etc., respondent.

WINGATE, S. The pertinent facts respecting this proceeding are conceded with an effect substantially equivalent to a motion for judgment on the pleadings by reason of the submission upon the petition, answer and replying affidavit. (*Matter of McGlone*, 166 Misc. 636, 637; affd., 256 App. Div. 1074; *Matter of Hazley*, 166 Misc. 745, 746; *Matter of Hearn*, 158 id. 370, 372; *Matter of Kelly*, 174 id. 860, 863.)

As thus developed, it appears that the petitioners were attorneys who were employed by one Frieda P. Crane to attempt to secure letters of administration upon this estate for her. They were unsuccessful in this effort, letters being granted to the present respondent.

They assert that by reason of this action they rendered services to the estate and are consequently creditors thereof within the connotation of paragraph a of subdivision 1 of section 259 of the Surrogate's Court Act and, therefore, entitled to present a petition to compel the administratrix to account.

It is obvious that they are endeavoring to capitalize upon the nuisance value of their claim by indirection when it would be possible for them to obtain an immediate and direct determination of their rights by an application for the fixation and payment of their compensation from the assets of the estate by a proceeding instituted under section 231-a of the Surrogate's Court Act.

This method of procedure is not to be encouraged and the effort to create gratuitous and unnecessary trouble for all concerned should be thwarted if such a result is legally permissible.

The determination of the Appellate Division for this department in *Matter of Rabell* (175 App. Div. 345) renders such a disposition not only possible but mandatory. It was there held that attorneys who had acted for the appointed fiduciaries of the estate and who were, therefore, in a much stronger position than the present applicants, would not be permitted to compel an accounting, but would be remitted to their remedy for a fixation of their rightful compensation. That precedent is binding upon this court and will obviously be followed.

The petition will be denied, with costs but without prejudice to the institution of a proceeding for the fixation of the compensation of the applicants under section 231-a of the Surrogate's Court Act.

*Matter of Hirsch* (154 Misc. 736) and *Matter of Geller* (167 id. 578), cited by the petitioners, are not in point at the present time since they determined applications under section 231-a.

Enter decree on notice in conformity herewith.